## JOHNSON v. STATE.　(No. 8574.)

(Court of Criminal Appeals of Texas.　Jan. 7, 1925.)

**1. Rape ⊜⇒60—Judgment and sentence for assault with attempt to rape erroneous.**

A judgment and sentence for assault with attempt to rape *held* erroneous; there being no such offense.

**2. Criminal law ⊜⇒814(5)—Charge not presenting law applicable to case held to require reversal.**

In prosecution for assault with intent to rape female under age of consent, court's charge, based on assault with intent to rape by force, *held* to require reversal, in that it did not present law applicable to case, as required by Code Cr. Proc. art. 735.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

William Johnson was convicted of assault to rape, and he appeals. Reversed and remanded.

O. S. York, of Galveston, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Galveston county of assault to rape, and his punishment fixed at two years in the penitentiary.

[1] Appellant was not represented by any attorney upon his trial. There were two counts in the indictment, one charging an assault to rape, and the other an attempt to rape one Mary Apolinar, a girl under the age of consent. The verdict was general, and the judgment and sentence are for assault with attempt to rape. There is no such offense as this. This erroneous judgment and sentence might be reformed by us but another matter calls for reversal.

[2] Article 735 of our Code of Criminal Procedure provides that in all felony cases the judge shall deliver to the jury a written charge in which he shall distinctly set forth the law applicable to the case, and this we take to require that at least the jury must be told in the charge that before they can convict the accused it must be shown that he did the things which go to make up the crime set out in the indictment. An examination of the charge as given by the learned trial judge compels us reluctantly to hold that same nowhere presents the law applicable to the case. If the record in a felony case on appeal should show no charge in writing to have been given the jury, this court would reverse, and we are unable to distinguish in principle between the giving of no charge and the giving of a charge which nowhere presents the law applicable to the case.

We quote from the charge as follows:

"Rape is the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud, or the carnal knowledge of a woman other than the wife of the person having such carnal knowledge, with or without consent, and with or without use of force, threats, or fraud, such woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, the person having carnal knowledge of her knowing her to be so mentally diseased; or the carnal knowledge of a female under the age of 18 years, other than the wife of the person, with or without her consent, and with or without the use of force, threats, or fraud.

"To constitute rape by force the accused must have ravished the alleged injured female by having carnal knowledge of her without her consent and against her will by force, and the force used must have been such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case; and penetration of the sexual organ of the female alleged to have been ravished by the male organ of the accused must be proved beyond a reasonable doubt.

"Keeping in view the foregoing definitions of assault and of rape, I charge you that, in order to constitute the offense of assault with intent to rape, facts must exist which show an assault by the accused upon the injured female, coupled with an intention on his part to commit rape by force. There must be the use by the accused of some unlawful violence, or some threatening gesture, showing in itself or by words accompanying it an immediate intention to commit a battery. It must be shown that the intent of the accused was to accomplish his purpose by force and against the will of the female.

"The assault, as above defined, must be accompanied with: (1) The specific intent to rape; (2) to have carnal knowledge of the woman without her consent; (3) to have such carnal knowledge by force; (4) to have carnal knowledge of the woman without her consent and by the use of such means as is sufficient to overcome all resistance within her power, and accomplish his purpose at all hazards.

"Our statute provides that, if any person shall assault a woman with intent to commit the offense of rape, he shall be punished by confinement in the penitentiary for any term of years not less than 2.

"Now, if you believe from the evidence beyond a reasonable doubt that the defendant did, as charged in the indictment, in the county of Galveston, and state of Texas, on or about the 12th day of May, 1923, assault the said Mary Apolinar, with the intent then and there to have carnal knowledge of her, the said Mary Apolinar, by force, and without her consent, and against her will as hereinbefore defined, you will find the defendant guilty as charged, and assess his punishment at confinement in the penitentiary for any term of years not less than 2.

"If you believe from the evidence that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was upon malice aforethought, with intent to

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rape (as heretofore explained), then you will acquit of that offense, and next consider whether he is guilty of an aggravated assault, or whether he was justified in his action.

"If you believe from the evidence that the defendant in the county of Galveston and state of Texas, on or about the time charged in the indictment, with a deadly weapon, did unlawfully assault the said Mary Apolinar, and that such assault was not in defense of himself from an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an aggravated assault, and assess his punishment at a fine not less than $25 nor more than $1,000, or by imprisonment in the county jail not less than one month nor more than 2 years. or by both such fine and imprisonment, as you may determine and state in your verdict.

"You are instructed that any condition or circumstance capable of creating and which does create sudden passion, such as anger, rage, sudden resentment, or terror, rendering the mind for the time incapable of cool reflection, whether accompanied by bodily pain or not, may be adequate cause; and whether such adequate cause existed for such sudden passion (if any there was) it is for you to determine, and in determining this question, as well as all other matters before you, you will consider all the facts and circumstances in evidence in this case."

It would appear needless for us to say that there should have been no definition of rape in a case such as this save to say that it was the carnal knowledge of a female under the age of 18 years, with or without the consent of such female. All that part of the definition of rape relating to force, and all that part of the definition of assault to rape relating to force, could but confuse the jury, and has no sort of application to the facts. The only attempted application of the law to the facts was based on an assault to rape by force (which is not the offense charged). All those extended parts of the charge on malice aforethought, assault with a deadly weapon, self-defense, sudden passion, and adequate cause, certainly have no place in submitting the law of assault to rape upon a girl under the age of consent. The charge as a whole seems so devoid of a presentation to the jury of the law applicable to the case as to compel us to pursue the course above indicated.

For the reason mentioned, the judgment will be reversed and the cause remanded.