EUGENE CRISP V. THE STATE.

No. 16544. Delivered March 21, 1934.
Reported in 69 S. W. (2d) 772.

The opinion states the case.

*L. W. Shepperd,* of Groesbeck, and *E. G. Aycock,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Under an indictment charging him with assault with intent to murder R. L. Smith, appellant was convicted of an aggravated assault and his punishment assessed at a fine of twenty-five dollars and confinement in jail for three months.

Monroe Crisp, brother of appellant, was standing on the street talking to Will Morgan when R. L. Smith walked by. Following Smith, Monroe Crisp attacked him with a knife, and inflicted several severe wounds upon him. During the difficulty a pistol, which had been in the possession of Smith, fell to the sidewalk. As appellant reached the scene Smith called to bystanders to pull Monroe Crisp off of him. Appellant was not

present when the difficulty began, but was across the street. Upon seeing the fight, he ran across the street with a hammer in his hand. It appears that one Briggs made a movement indicating that he was going to separate Smith and Monroe Crisp. Appellant being near him with the hammer raised, said: "Stand back." Until the parties were finally separated appellant stood near them with the hammer raised.

The court gave an abstract charge on the law of principals, but made no application thereof to the facts. The only instruction submitting the law of aggravated assault was as follows:

"If you believe from the evidence beyond a reasonable doubt that the defendant * * * with a deadly weapon did unlawfully assault the said R. L. Smith, but not with the intent to murder, then you will find the defendant guilty of an aggravated assault and assess his punishment at a fine of not less than twenty-five nor more than one thousand dollars, or by imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment, as you may determine and state in your verdict."

Appellant made no attack on R. L. Smith with a knife. When he arrived at the scene of the difficulty his brother, Monroe Crisp, was attacking Smith. Appellant's only participation in the difficulty was to raise a hammer and say, "Stand back." This being true, the testimony makes inapplicable the charge above quoted. The case should have been submitted to the jury under the law of principals with a proper application of the law to the facts. In other words, as appellant did not actually commit the offense, the jury were not warranted in finding him guilty, unless they believed beyond a reasonable doubt that appellant, knowing his brother's unlawful intent, aided him by acts or encouraged him by words or gestures in the assault he made on Smith. Manifestly, the court should have applied this phase of the law of principals to the facts, and charged on the converse thereof. The matter was timely and properly brought to the attention of the court by written exceptions to the charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.