# DECEMBER 9, 1942

## OTHO BARNES v. THE STATE.

No. 22214. Delivered December 9, 1942.

132

The opinion states the case.

*Hughes & Hardeman,* of *San Angelo,* for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Sheep theft is the offense; the punishment, two years in the State penitentiary.

The pasture or ranch of Mrs. Thomson, in Schleicher County, lies along the highway from Eldorado to San Angelo. Buie, an employee of Mrs. Thomson, was riding in the pasture, when he heard a rifle shot fired from the direction of the highway. He immediately started in the direction from which the shot had been fired, and, upon arriving, found appellant seated in his car, parked along the highway, and saw Binyon, coming out of the pasture, with one of Mrs. Thomson's sheep, which had just been killed. Appellant, upon seeing Buie approaching, drove away. He returned, driving past the parties, and later returned, when he was stopped by Buie. A 30-30 rifle, a shotgun, and a 22 rifle were found in the car. Buie asked appellant why he ran off, to which he did not reply. Buie then asked appellant to accompany him to town, which he refused to do, replying that Buie had not seen him do anything, and that he was not violating any law. Appellant then tried to pay Buie for the sheep, saying: "My God, I can't afford to be mixed up in anything like this; I will buy the sheep and I will pay almost any kind of a price for it."

There was testimony showing that the sheep was shot with a 30-30 rifle bullet. There was an empty shell in the barrel of the 30-30 rifle found in appellant's car. There was no proof that said rifle had recently been fired.

The defensive theory—shown primarily by the testimony of the appellant—is that, on the day of the alleged offense, he and Binyon went deer hunting and that, while returning home, Binyon suggested that they keep a lookout for "dead wool," to help defray the expense of the trip. (It appears that "dead wool" is that which is taken from the carcass of a sheep after it is dead, and that some ranchers have no objection to its being taken); that, with this in mind, they began looking for "dead wool"; and that, after a time, Binyon ordered appellant to stop the car as he (Binyon) thought he saw some dead wool. Binyon got out of the car, went into the pasture, and found the sheep, which he had in his possession when Buie appeared.

Appellant denied that either he or Binyon had shot the sheep, and that the 30-30 rifle in his car had been fired.

The facts are sufficient to sustain the conviction. The killing of an animal, with the fraudulent intent to take and to appropriate the same, may constitute theft thereof. Branch's P. C., Sec. 2553; McPhail v. State, 9 Tex. App. 164; Jackson v. State, 62 Tex. Cr. R. 106, 136 S. W. 783.

The case was submitted to the jury upon the law of principals; and, in doing so, the trial court gave the statutory definition of principals, as follows:

"— — — — — all persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present, and knowing of the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful acts, such persons so aiding or encouraging are principal offenders, and may be prosecuted as such."

No application of the law of principals was made in the charge. Appellant's guilt, under the charge, was made to depend upon the jury's believing beyond a reasonable doubt that he stole a live sheep, without reference to the law of principals or to the method of taking by shooting. Nor did the charge present any affirmative defense or the converse of principals.

An exception was reserved to the trial court's failure to make an application of the law of principals to the facts and

to his failure to require, as a condition precedent to appellant's guilt, a finding by the jury that he was guilty, under the law of principals.

The mere shooting of a sheep does not warrant a conviction for the theft thereof. The shooting must be accompanied with the fraudulent intent to take and to appropriate same. So, in this case, the joint acts of appellant and Binyon were sufficient to show the theft of the sheep; for, if appellant shot the sheep with the intent to appropriate it, and if Binyon were in the act of such appropriation when discovered, each would thus be engaged in doing some act in furtherance of the common design. If Binyon shot the sheep with intent to appropriate it, and if appellant were present, and, knowing the unlawful intent, aided or encouraged him by acts or words, he would be equally guilty with Binyon. In any event, appellant's guilty connection with the crime would rest upon an application of the law of principals.

The conclusion is reached that, under the facts stated, the charge was subject to the error assigned, and that the trial court should have made an application of the law to the facts touching the law of principals. Gentry v. State, 24 Tex. App. 478, 6 S. W. 321; Durham v. State, 112 Tex. Cr. R. 395, 16 S. W. (2d) 1092; Fine v. State, 125 Tex. Cr. R. 337, 68 S. W. (2d) 192.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.