**Jesus Eduardo ROMO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52806.

Court of Criminal Appeals of Texas.

May 18, 1977.

Opinion on State's Motion for
Rehearing July 19, 1978.

Francis P. Maher, Laredo, for appellant.

Charles R. Borchers, Dist. Atty. and Donato D. Ramos, Stephen A. Whitworth and Sharon S. Trigo, Asst. Dist. Attys., Laredo, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This conviction was affirmed on original submission. On rehearing we find unassigned error that requires consideration in the interest of justice. Art. 40.09(13), V.A. C.C.P.

Appellant was convicted of murder and punishment was assessed at fifty years. In the early morning hours of July 4, 1974, Isauro Martinez, III, was shot and killed by Lisandro Trevino (see *Trevino v. State*, Tex. Cr.App., 532 S.W.2d 352), who was riding as a passenger in a car driven by appellant. Appellant was convicted as a party to the offense under V.T.C.A., Penal Code Sec. 7.02(a)(2), which provides:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

". . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person commit the offense; . . ."

The charge to the jury utterly failed to apply the law to the facts of the case. This requires reversal. *Harris v. State*, Tex.Cr. App., 522 S.W.2d 199; *Perez v. State*, Tex. Cr.App., 537 S.W.2d 455; *Williams v. State*, Tex.Cr.App., 547 S.W.2d 18 (1977).

The first three paragraphs of the charge are abstract instructions on the law of V.T. C.A., Penal Code Sec. 19.02(a), murder; Sec. 1.07(a)(17), definition of "individual"; Sec. 6.03(a)(b), definitions of intentional and knowing culpable mental states; and Sec. 6.04, causation. The fourth paragraph purported to apply the law to the facts in this fashion:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Jesus Eduardo Romo, on or about the 4th day of July, 1974, in the County of Webb, and State of Texas, as alleged in the indictment, did then and there intentionally and knowingly cause the death of an individual, Isuaro Martinez, III, by shooting him with a gun, you will find the defendant guilty of the offense of murder and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of murder and proceed to consider whether the defendant is guilty of the lesser included offense of voluntary manslaughter."

This paragraph charged appellant as a primary actor, not as a party under Sec. 7.02(a)(2), supra. The next six paragraphs submitted the law of voluntary and involuntary manslaughter and purported to apply the law to the facts for those offenses, again on the theory that appellant was the primary actor. No evidence supported submission of the case on the theory that appellant was the primary actor. Consequently, application of the law to such a factual theory was not authorized, and furthermore neither lead the jury to the threshold of its duty to decide the fact issues, nor guarded against confusion from partisan claims on the application of the law to the facts. See *Williams v. State*, supra.

Following the paragraphs of the charge submitting murder, voluntary manslaughter, and involuntary manslaughter on the primary actor theory, and immediately before instructions that the indictment is no evidence of guilt, on the burden of proof,

and on deliberations, the court inserted an abstract instruction on Secs. 7.01(a), (b), and 7.02(a), supra. This paragraph neither focused on Sec. 7.02(a)(2), which was the entire basis of the State's case, nor did it apply the law of that provision to the facts of this case.

Sec. 7.02(a)(2), supra, specifically required for culpability that the accused acted "with intent to promote or assist the commission of the offense," here, murder. Appellant's defense was bottomed on the assertion that, despite his acts as driver of the car, he had no such intent as is required by Sec. 7.02(a)(2) to render him guilty as a party. The charge utterly failed to apply the law to the facts of this case. The "facts" to which the law was applied were wholly unsupported by the evidence.

The cases cited by the dissent were decided under the 1925 Penal Code and are not authority on the issue before us. Under the former Code a distinction was made between accomplices and principals. V.T.C.A., Penal Code Sec. 7.01(c) expressly abolished that distinction, stating:

"All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

Culpability as a party to an offense by virtue of one's criminal responsibility for the conduct of another is now determined by the several principles set out in Sec. 7.02, supra. In the case at bar the court charged abstractly on *all* theories of criminal responsibility for the conduct of another provided in Sec. 7.02(a), supra. As a consequence, not only was the charge defective in the manner above described, but it also failed even to focus the jury's deliberations on the particular abstract statement of the law in Sec. 7.02(a), supra, relied upon, to wit, Sec. 7.02(a)(2). Cases decided under the former Penal Code are of no benefit in deciding this issue. With the enactment of Secs. 7.01 and 7.02, supra, and the express mandate of Sec. 7.01(c), we write on a clean slate.

The trial court's application of the law to the allegations of the indictment instead of to the facts shown by the evidence was tantamount to no application of the law to the facts whatsoever.

Appellant's motion for rehearing is granted, and our prior judgment of affirmance in this cause is set aside. Finding fundamental reversible error in the court's charge, we reverse the judgment and remand the cause.

DOUGLAS, Judge, dissenting.

The majority reverses this conviction on the ground that the trial court did not apply the law to the facts of the case. Neither appellant nor his counsel complains of the court's charge upon which the reversal is based.

The indictment charged in pertinent part as follows:

"Lisandro Trevino and Jesus Eduardo Romo (appellant), then and there acting together, did, then and there intentionally and knowingly cause the death of an individual Isauro Martinez, III, by shooting him with a gun, . . ."

The record reflects that Romo and Trevino were acting in concert when the offense occurred. They pursued a van occupied by Martinez and two other men in an Oldsmobile. Romo was driving the car. When the chase terminated Trevino shot and killed Martinez with a .22 caliber rifle. Romo knew Trevino had the loaded rifle in the car before the murder was committed. Afterwards, Romo drove Trevino through other areas of Laredo where Trevino shot at residences and other buildings until they were apprehended.

The following verdict was returned:

"We, the jury, find the defendant Jesus Eduardo Romo guilty *as charged in the indictment.*" (Emphasis added).

The indictment was read to the jury. The jury knew that Romo was charged with being a party to the murder of Isauro Martinez, III, from the indictment, the proof and the court's charge.

Omitting formal and non-pertinent parts, the court submitted the following:

"CHARGE OF THE COURT

"The defendant, Jesus Eduardo Romo, stands charged by indictment with the offense of murder, alleged to have been committed in Webb County, Texas, on or about the 4th day of July, 1974. To this charge the defendant has pleaded not guilty. . . .

I.

"A person commits the offense of murder if he intentionally or knowingly causes the death of an individual, without justification.

\* \* \* \* \* \*

4.

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Jesus Eduardo Romo, on or about the 4th day of July, 1974, in the County of Webb, and State of Texas, as alleged in the indictment, did then and there intentionally and knowingly cause the death of an individual, Isauro Martinez, III, by shooting him with a gun, you will find the defendant guilty of the offense of murder and say so. by your verdict, but if you do not believe, of if you have a reasonable doubt thereof, you will acquit the defendant of the offense of murder and proceed to consider whether the defendant is guilty of the lesser included offense of voluntary manslaughter.

\* \* \* \* \* \*

12.

"*A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.*

"*Each party to an offense may be charged with the commission of the offense.*

"*A person is criminally responsible for an offense committed by the conduct of another if:*

"*\* \* \**

"(2) *acting with intent to promote or assist the commission of the offense,* he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; . . ." (Emphasis added).

Before the court read the charge to the jury, defense counsel was asked whether he had any complaint regarding the charge. Counsel expressly waived any objection.

Since no objection was made to the charge in accordance with Article 36.14, V.A.C.C.P., the judgment cannot be reversed on appeal because of error in the charge unless it appears that Romo has not had a fair and impartial trial. Article 36.-19, V.A.C.C.P.; *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975); *Peterson v. State,* 508 S.W.2d 844 (Tex.Cr.App.1974). I cannot agree that error, if any, in the charge in the instant case constitutes fundamental error.

In *Davis v. State,* 430 S.W.2d 210 (Tex.Cr. App.1968), defendant and two others were convicted of robbing a store's cashier. They were charged in a single count indictment with "acting together" and were jointly tried. On appeal, defendant contended that the trial court charged the jury upon the abstract law of principals without applying the law to the facts. This Court held that no fundamental error was shown under Article 36.19, supra, because there was direct evidence that defendant took money from the store's cash registers although he was not seen with a pistol.

In *Louden v. State,* 491 S.W.2d 168 (Tex. Cr.App.1973), defendant and his son were jointly charged with murder. Defendant was thereafter separately tried and convicted of murder without malice. He contended on appeal that the trial court's charge on the law of principals failed to apply the law to the facts. No proper objection to the charge had been made. We held that any failure to apply the law to the facts did not present fundamental error and that, absent an objection, the charge was not reviewable.

In *Lowe v. State,* 377 S.W.2d 193 (Tex.Cr. App.1964), defendant was convicted of burglary. He, too, contended that the trial court gave an abstract charge on the law of

principals without applying the law to the facts. Quoting from *Durham v. State*, 112 Tex.Cr.R. 395, 16 S.W.2d 1092, 1093 (1929), the Court rejected the contention:

> " 'To reverse the case because of the charge mentioned would, in our opinion, do violence to the statutory command inhibiting a reversal of the conviction on account of a charge not calculated to injure the rights of the accused.' "

In the instant case, the jury knew what offense Romo was charged with and found him guilty of that offense. No objection was made to the court's charge and no injury has been shown to Romo. Any defect in the charge was not calculated to deny him a fair and impartial trial and, hence, has been waived. *Steward v. State*, 143 Tex.Cr.R. 233, 157 S.W.2d 382 (1942). See *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

Even on appeal no complaint has been made about the charge in the instant case. The court should have applied the law to the facts more specifically. But the failure to do so does not present reversible error under Article 36.19, supra. Taken as a whole, the charge substantially applies the law to the facts.

The distinction between principal and accomplices under the former penal code has been abolished. The proof shows that appellant was a party. Therefore, this case is stronger than it would have been had it been tried under the former code.

For the foregoing reasons, the judgment should be affirmed.

### OPINION ON THE STATE'S MOTION FOR REHEARING

DALLY, Judge.

■ On the appellant's motion for rehearing a majority of the Court held that in the interest of justice unassigned error required a reversal of the judgment. The trial court's failure to submit a charge to the jury applying the law of parties to the facts of the case was held to be fundamental error. We now hold that in the absence of an objection, when the trial court fails to apply the law of parties to the facts of the case, it is not fundamental error.

■ A charge on the law of parties enlarges a defendant's criminal responsibility. The charge benefits the State and not the defendant. See *Ransonette v. State*, 550 S.W.2d 36, 42 (Tex.Cr.App.1977). In a case where a charge on the law of parties is applicable, it is usually the State that insists on and is entitled to have such a charge, including an application of the law to the facts, submitted to the jury. Such a charge fits the State's theory of a case when, as in this case, a co-defendant is the principal actor and the defendant is guilty, if at all, as a party because he solicited, encouraged, directed, aided, or attempted to aid the co-defendant. However, if the court fails to apply the law of parties to the facts of the case, it might be better trial strategy for the defense counsel not to ask for such a charge. It might very well be to the benefit of such a defendant not to have the State's theory so clearly blue-printed and delineated by a charge applying the law of parties to the facts. It would permit the defendant to make a stronger jury argument that the State had not proved its case since the evidence clearly showed that appellant did not shoot the deceased.

■ Here, the appellant did not request that a charge be submitted applying the law of parties to the facts, and the appellant did not object to the court's charge because it failed to apply the law of parties to the facts. In these circumstances, the court did not commit fundamental error in failing to apply the law of parties to the facts of the case. In *Mott v. State*, 543 S.W.2d 623 (Tex.Cr.App.1976) we said:

> "Next, the appellants contend that the court's charge was fundamentally erroneous because it contained an abstract instruction on the law of parties without applying the law to the facts. Neither appellant objected to the court's charge in the manner provided for by Art. 36.14, V.A.C.C.P. Nothing is presented for review. *Louden v. State*, 491 S.W.2d 168, 169 (Tex.Cr.App.1973)."

■ In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error unless there is a timely and sufficient objection to the court's charge or a specially requested charge is timely filed.

The dissenting opinion argues that the disposition of this case should be controlled by the *Oliver* line of cases. *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467 (1954); *Barnes v. State*, 145 Tex.Cr.R. 131, 166 S.W.2d 708 (1942); *Crisp v. State*, 125 Tex. Cr.R. 603, 69 S.W.2d 772 (1934); *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974); *Savant v. State*, 544 S.W.2d 408 (Tex.Cr. App.1977). In *Barnes v. State*, supra, the Court said:

> "An exception was reserved to the trial court's failure to make an application of the law of principals to the facts and to his failure to require, as a condition precedent to appellant's guilt, a finding by the jury that he was guilty, under the law of principals."

In *Crisp v. State*, supra, it was said:

> "Manifestly, the court should have applied this phase of the law of principals to the facts, and charged on the converse thereof. The matter was timely and properly brought to the attention of the court by written exceptions to the charge."

In *McCuin v. State*, supra, it was said:

> "The trial court erred in overruling the objection to the charge which pointed out the fatal defect in the charge on the law of principals."

The opinion in *Oliver v. State*, supra, does not state whether there was an objection to the charge. However, inspection of the record on file in this Court reveals that there was a timely and proper objection to the court's charge for its failure to apply the law of principals to the facts in the case. In *Savant v. State*, supra, a prosecution under a former penal code provision, there was a timely and sufficient objection to the court's charge and the judgment was reversed. The *Oliver* line of cases is clearly distinguishable from this case since in the instant case there was no objection to the court's charge for its failure to apply the law of parties to the facts.

The facts in *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977) are more like those in *Durham v. State*, 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (1929), in which the evidence would have supported a conviction either on the theory of the defendant's guilt because of his own acts or because of his responsibility for the acts of a co-defendant. The court submitted a charge which only permitted the defendant's conviction because of his responsibility for the acts of the co-defendant. Furthermore, Blansett's objection to the charge on the law of parties was that it did not apply in capital cases.

A supplemental transcript which has now been filed reveals that the appellant's brief was timely filed, and we will consider the two grounds of error that have been presented. The appellant first urges that the evidence is insufficient to show the appellant's criminal responsibility for the acts of the co-defendant who shot the deceased.

■ A person is criminally responsible for an offense committed by another person if he acts with the intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. V.T.C.A. Penal Code, Sec. 7.02.

■ The appellant, who was driving the co-defendant's car, knew the co-defendant had a loaded rifle in his possession in the car. There was testimony that the co-defendant, while holding a rifle in his hand, said in Spanish, "We will get them in just a minute." or "We will get them in just a while." This statement was made immediately before the appellant left the parking lot at a high rate of speed and started to chase the van in which the deceased and the two other young men were riding. The appellant followed the van for several blocks, then got in front of the van and drove toward it in an effort to curb the van.

After failing to curb the van the appellant backed up, made a U turn, and followed the van until it was stopped at a house where the three young men left the van and started to run toward the house. The appellant suddenly braked the car, and the co-defendant fired two shots from the rifle. One of these shots killed the deceased. The appellant then drove from the scene at a high rate of speed. The appellant continued to drive around the city while the co-defendant fired the rifle at houses and buildings. The appellant tried to flee and elude the police officers when they attempted to stop the car and arrest the appellant, and the co-defendant. We conclude that the evidence is sufficient to support a finding that the appellant attempted to aid, and did aid, the co-defendant in committing the criminal offense of murder. From the appellant's acts, the intent to promote and assist in the commission of the offense may be inferred. The evidence is sufficient to show the appellant's criminal responsibility for the act of the co-defendant who shot the deceased.

■ The appellant also urges that the trial court erroneously refused to admit hearsay testimony, as an exception to the hearsay evidence rule, to show his state of mind. *Farabee v. State*, 172 Tex.Cr.R. 639, 362 S.W.2d 117 (Tex.Cr.App.1962) is cited and relied on by the appellant, but unlike that case, the record here does not show what appellant's testimony would have been if the court had not sustained the State's objection. The error, if any, was not preserved for review. *Ashley v. State*, 362 S.W.2d 847 (Tex.Cr.App.1962); *Wiggins v. State*, 520 S.W.2d 780 (Tex.Cr.App.1975); *Ashford v. State*, 502 S.W.2d 27 (Tex.Cr.App.1973); *Bolden v. State*, 489 S.W.2d 300 (Tex.Cr.App.1972); *Thomas v. State*, 488 S.W.2d 777 (Tex.Cr.App.1972).

The State's motion for rehearing is granted and the judgment is affirmed.

VOLLERS, J., not participating.

REAVLEY, Special Judge, concurs in this opinion granting the State's motion for rehearing.

ONION, Presiding Judge, dissenting on State's Motion for Rehearing.

On original submission this murder conviction (where the appellant's punishment was assessed at fifty (50) years' imprisonment by the jury) was affirmed as appellant's brief was not timely filed. See Article 40.09, § 9, V.A.C.C.P. On appellant's motion for rehearing it was established by supplemental transcript that an extension of time to file the appellant's brief was granted. On such rehearing the court concluded that there was a fundamental defect in the court's charge at the guilt stage of the trial—that the court only abstractly charged on the law of parties and criminal responsibility (formerly the law of principals) and did not apply the law to the specific facts of the case. This unassigned error was reviewed in the interest of justice. See Article 40.09, § 13, V.A.C.C.P. The case was reversed. A dissenting opinion was filed. The State has now filed a motion for rehearing which has been granted. Turning to the question presented, it is observed that V.T.C.A., Penal Code, § 7.01, provides:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense.

"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

The Practice Commentary to § 7.01 notes that the section abolishes the distinction between "principals" and "accomplices" and then added:

"This code does not employ the terms 'principal' or 'accomplice;' rather, Section 7.01 provides that one may be charged as a party to the commission of an offense if he is criminally responsible for the conduct of another who perpe-

trates the offense. Section 7.02 then provides the standards for determining this vicarious responsibility."

V.T.C.A., Penal Code, § 7.02, provides in part:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

"(1) . . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or

"(3) . . ."

The Practice Commentary to § 7.02 provides in part:

"Subsection (a)(2) sets out the basic test of complicity and replaces Penal Code arts. 65, 66, 67, 69, and 70, which designated perpetrators and nonperpetrators either 'principals' or 'accomplices.' It does not substantially change the prior complicity test; rather, it specifies that complicitous conduct must be accompanied by 'intent to promote or assist the commission of the offense,' whereas the prior articles enumerated a few circumstances and situations from which it was reasonable to infer such an intent."

Omitting the formal parts, the indictment charged that on or about July 4, 1974 "Lisandro Trevino and Jesus Eduardo Romo, then and there acting together, did, then an there intentionally and knowingly cause the death of an individual, Isauro Martinez, III, by shooting him with a gun    . . ."

The evidence reflects that at approximately 1 a. m. on July 4, 1974 Randy Leyendecker, Jesus Juarez and Isauro Martinez were eating at El Rincon del Gordo, a Laredo restaurant. Juarez testified that he and his friends had a brief confrontation in the restaurant with two other men, Valls and Santillan, as a result of Martinez mimicking the two men. Juarez and friends did not consider the argument to be serious and became concerned only when Valls and Santillan mentioned having a pistol. Juarez, Leyendecker and Martinez eventually left the restaurant when they finished eating.

Valls and Santillan were outside in the parking lot.

Valls testified that before he could get his pickup truck started a white Oldsmobile pulled up alongside and Lisandro Trevino and the driver of the car got out. Valls reported that during the ensuing conversation Trevino pointed a rifle at Valls' head. In the meantime, Leyendecker, Juarez and Martinez were leaving the parking lot in Leyendecker's van. Santillan then remarked to Trevino that, "The guys are leaving that tried to pick a fight with us." After expressing his intention to catch the men in the van, Trevino got back in the car, accompanied by the driver, who was later identified as appellant.

Appellant admitted on direct examination that he was the driver of the Oldsmobile and that Trevino told him to follow the blue van as it left the parking lot. Leyendecker testified that the car chased them for several blocks until they reached Leyendecker's home. All three men then jumped from the van and ran toward the side of the house as the Oldsmobile drove up in front. Trevino fired a shot and Martinez was hit before he reached the house.

Appellant testified that he was the driver of the car throughout the chase, at the time Trevino fired the fatal shot and thereafter until he and Trevino were apprehended by Laredo police officer Beltran. Other evidence placed appellant as the driver of the car at the restaurant and at the time of his arrest. However, the record contains no evidence that appellant was the primary actor in the shooting; i. e., that he pulled the trigger.

In paragraph four of the court's charge, the main charging portion of the jury instructions, the court authorized appellant's conviction for murder if the jury found that he intentionally shot Martinez with a gun, as follows:

"4.

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Jesus Eduardo Romo, on

or about the 4th day of July, 1974, in the County of Webb, and State of Texas, as alleged in the indictment, did then and there intentionally and knowingly cause the death of an individual, Isauro Martinez, III, *by shooting him with a gun*, you will find the defendant guilty of the offense of murder and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of murder and proceed to consider whether the defendant is guilty of the lesser included offense of voluntary manslaughter. . . ."

In a similar fashion, the court in the next six paragraphs of the charge submitted the law of voluntary and involuntary manslaughter and applied the law to the facts as if the appellant was the principal actor. Then the court charged abstractly on the law of parties and criminal responsibility as follows:

"12.

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

"Each party to an offense may be charged with commission of the offense.

"A person is criminally responsible for an offense committed by the conduct of another if:

"(1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;

"(2) *acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense* ; or

"(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense." (Emphasis added.)

The court did not apply this law to the facts, though under the evidence appellant could have only been convicted of murder under V.T.C.A., Penal Code, § 7.02(a)(2). The failure of the court to apply the law to the specific facts was equivalent to giving no guidance to the jury on the basic theory of appellant's liability.

Although under the new Penal Code a person may be charged with the commission of an offense and be convicted without an allegation he acted as a "principal" or "accomplice" when his culpability is based on his status as a party, he is entitled to a proper charge on the law of criminal responsibility under V.T.C.A., Penal Code, § 7.02.

While a party whose liability is derivative, based on his complicity with the acts of another, may receive the same punishment as the primary actor, it is not sufficient to charge merely that the party may be convicted if his actions brought about the result. A charge on the law of parties and criminal responsibility applied to the facts of the case is necessary to clarify for the jury the basis of liability and the nature of the intent required for such liability. See and cf. V.T.C.A., Penal Code, § 7.02(a)(2).

In *Williams v. State*, 547 S.W.2d 18 (Tex. Cr.App.1977), it was stated:

". . . It is not sufficient for the jury to receive an abstract instruction on the law and then to render a verdict according to a general conclusion on whether the law has been violated. The State must prove its case beyond a reasonable doubt and must prove each element of the offense charged. This is the very basis of the case."

In the case at bar the State's case depended upon proof that in driving the car the appellant acted with the intent to promote or assist Trevino in the commission of the offense. However, the court's charge failed to focus the jury's deliberation on this essential element.

In *Oliver v. State*, 160 Tex.Cr.R. 222, 268 S.W.2d 467, 470 (Tex.Cr.App.1954), Judge Woodley, speaking for the court, in reviewing a similar fact situation stated:

"The court's charge contained an abstract definition on the law of principals, but in no manner applied the same to the facts.

"The jury was authorized by the charge to convict appellant upon a finding that he committed the murder, but the evidence is not such as would sustain such a finding.

"The jury was not instructed to the effect that if Moody Puckett voluntarily killed the deceased and appellant acted with him as a principal, in one or more of the ways stated in the definition of that term, he should be convicted.

"The trial court should have made application of the law of principals to the facts, the jury, under the facts here, not being warranted in convicting him unless they found that knowing of Puckett's unlawful intent, he agreed to or aided or encouraged him in the commission of the offense."

The above remarks appear applicable to the case at bar. For cases in accord with *Oliver* see *Barnes v. State*, 145 Tex.Cr.R. 131, 166 S.W.2d 708 (1942); *Crisp v. State*, 125 Tex.Cr.R. 603, 69 S.W.2d 772 (1934); *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr. App.1974). See and cf. *Savant v. State*, 544 S.W.2d 408 (Tex.Cr.App.1976). These cases have been referred to as the *Oliver* line of cases. *McCuin v. State*, supra.

The State's attorney contends we erred in holding in our opinion on appellant's motion for rehearing that there was fundamental error in the court's charge, citing a line of cases originating with *Durham v. State*, 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (1929).[1] In *Durham* it was held that the giving of a charge on principals without an application of the law to the facts does not constitute reversible error. There the court pointedly noted:

"When the evidence shows that the accused on trial was a principal actor in the commission of the offense, no charge on principals would be necessary, although

the proof may also disclose that in doing the criminal act another took an equal part."

Since the evidence in *Durham* did not raise the issue, the court's charge was held not to be reversible error.

The important distinction between the *Durham* line of cases and the *Oliver* line of cases was discussed in *McCuin v. State*, supra (505 S.W.2d at p. 830), as follows:

"We note that in *Durham*, and in its progeny, the conduct of the defendant then on trial was, in and of itself, sufficient to convict the accused of the offense charged. On the other hand, in *Oliver* and its line of cases such fact situations did not exist. As appellant puts the distinction:

" 'In *Oliver* the defendant did not shoot. In *Crisp* the defendant did not stab. In *Barnes* the defendant did not "take" the property. In *Lopez* the defendant also did not shoot. The law of principals was absolutely essential to those cases.'

"We are of the opinion that each line of cases (*Oliver* and *Durham*) has continuing vitality and each was correctly decided under the fact structure of the particular case. However, there is need for clarification of the rule so as to eliminate the potential for confusion in the application of each line of cases. We are of the opinion that such can be accomplished by following the tests set out immediately below.

"Where the evidence introduced upon the trial of the cause shows the active participation in the offense by two or more persons, the trial court should first remove from consideration the acts and conduct of the non-defendant actor. Then, if the evidence of the conduct of the defendant then on trial would be sufficient, in and of itself, to sustain the conviction, no submission of the law of principals is required. The *Durham* rule governs in this situation.

---

1. See, e. g., *Lowe v. State*, 377 S.W.2d 193 (Tex.Cr.App.1964), and cases there cited; *Davis v. State*, 430 S.W.2d 210 (Tex.Cr.App.1968); *Minor v. State*, 476 S.W.2d 694 (Tex.Cr.App. 1972); *Louden v. State*, 491 S.W.2d 168 (Tex. Cr.App.1973).

"On the other hand, if the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of principals and is dependent, at least in part, upon the conduct of another. In such a case, the law of principals must be submitted and made applicable to the facts of the case. Thus, the *Oliver* rule will govern this fact structure."

As earlier noted, V.T.C.A., Penal Code, § 7.02, contains the same basic complicity test embodied in the law of principals under the former Penal Code. I believe that the Legislature, in substantially preserving the complicity test of the law of parties and criminal responsibility and in specifying the type of intent required, recognized the importance of clearly identifying for the jury the basis of a party's liability under the new statute. Thus, I would find that the *McCuin* rationale has continuing relevance to the requirements of § 7.02(a)(2).

Applying the *McCuin* test to the facts at hand, I would find that if Trevino's acts are removed from consideration, the conduct of appellant alone would not be sufficient to sustain the murder conviction as a primary actor. Appellant's actions as driver of the car were culpable for murder only when linked to Trevino's action in pulling the trigger.

Under the circumstances of the instant case and the court's charge, I must conclude that the court erred in giving an abstract charge on the law of parties and criminal responsibility and failing to apply that law to the facts. *Oliver v. State*, supra, *McCuin v. State*, supra. However, one question remains. Is the error fundamental error since the appellant failed to timely object to the court's charge? I note from the opinion in *McCuin* there was a timely objection, and the opinion noted the objection was to "the fatal defect in the charge."

In this regard the opinion in *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975), is instructive. As noted there, any disregard of the requirements of Articles 36.14 and 36.18, inclusive, shall not cause a reversal "unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." See Article 36.19, V.A.C.C.P. In *Harris* this court wrote:

"In *Ross v. State*, Tex.Cr.App., 487 S.W.2d 744, the Court held that where the charge authorized conviction on a theory not charged in the indictment, fundamental error was presented, and the judgment was reversed notwithstanding the absence of an objection in the trial court.

In *Fennell v. State*, supra,[2] the charge contained an abstract paragraph on the law of self-defense, but did not apply the law to the facts. No objection was made in the trial court, nor was this fact assigned as ground of error on appeal. Nevertheless the Court reversed, holding that fundamental error had been committed preventing the defendant from having a fair and impartial trial.

"See also *Mendoza v. State*, Tex.Cr. App., 491 S.W.2d 888; *Rhyne v. State*, 142 Tex.Cr.R. 104, 151 S.W.2d 599.

"* * * *

"Fundamental error is presented where error in the charge goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted. *Fennell v. State*, supra; *Johnson v. State*, supra, [99 Tex. Cr.R. 25, 267 S.W. 713]; *Ross v. State*, supra. Cf. *Peterson v. State*, Tex.Cr. App., 508 S.W.2d 844; *Williams v. State*, Tex.Cr.App., 508 S.W.2d 83."

See and cf. *Perez v. State*, 537 S.W.2d 455 (Tex.Cr.App.1976); *Williams v. State*, supra.

For the reasons stated, I dissent to the granting of the State's motion for rehearing.

ROBERTS, ODOM and PHILLIPS, JJ., join in this dissent.

2.  424 S.W.2d 631 (Tex.Cr.App.1968).