Affirmed and Memorandum Opinion filed June 28, 2007








Affirmed and Memorandum Opinion filed June 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00022-CR

_______________

 

DENNIS JEROME BURTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 984,016

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Dennis Jerome Burton appeals a
conviction for capital murder[1] on the
grounds of: (1) jury charge error; (2) ineffective assistance of counsel; and
(3) insufficient evidence.  We affirm.








Jury Charge

Appellant=s first two issues challenge the
trial court=s failure to instruct the jury that Dexter Garrett was a party,
co-conspirator, or accomplice to the offense committed by appellant.  Where a
jury charge complaint is not properly preserved at trial, as in this case, 
then to be reversible error, it must result in egregious harm, which is harm
that affects the very basis of the case, deprives the defendant of a valuable
right, or vitally affects a defensive theory.  Druery v. State, __
S.W.3d __, __ (Tex. Crim. App. 2007).

Appellant=s brief does not indicate how a
failure to instruct the jury that Garrett was a party or co-conspirator could
have produced egregious harm.  If anything, the absence of such an instruction
benefitted appellant.[2]  Because
appellant=s first issue thus fails to demonstrate that the failure to treat Garrett
as a party or co-conspirator in the charge could have produced egregious harm,
it is overruled.

Appellant=s second issue contends that
egregious harm resulted from the failure to instruct the jury regarding Garrett
as an accomplice because, had such an instruction been given, the accomplice
witness evidence in this case would not have been adequately corroborated, and
the evidence of guilt would thus be insufficient to support the conviction.[3]








However, in order for Garrett to be
an accomplice, he must have committed some affirmative act that promoted the
commission of the charged offense.  Druery, __ S.W.3d at __.  Although
appellant contends that Garrett was involved in planning the robbery, acting as
a lookout, and disposing of evidence, his brief provides no citations to the
record for these assertions, and, more importantly, none of them involve taking
part in the murder, as contrasted from the robbery.  See id.

In addition, even without Garrett=s testimony, the following
non-accomplice evidence is sufficient to connect appellant with the offense:
(1) Tiffany Helaire testified that she saw appellant approach the complainant=s truck and jump in; and (2)
immediately after the offense, appellant was in possession of the complainant=s truck.  Because there is sufficient
corroborating evidence without Garrett=s testimony, appellant=s second issue fails to demonstrate
that the lack of an accomplice instruction for Garrett could have resulted in
egregious harm.[4]  Therefore,
appellant=s second issue is overruled.

Appellant=s third issue contends that the trial
court failed to instruct the jury that Danielle Primes was an accomplice as a
matter of law because she was listed as a party and/or co-conspirator in other
portions of the charge.  However, because appellant=s brief cites no authority and
provides no argument in support of this contention, it presents nothing for our
review and is overruled.[5]








Appellant=s fourth issue contends that the
trial court=s failure to include an instruction that Garrett was a
party/co-conspirator or an accomplice in the jury charge was a comment on the
weight of the evidence because it made the jury think that the trial judge did
not think Garrett was a party/co-conspirator and/or accomplice.  Appellant=s brief cites no authority to support
this contention, and it is not apparent how a trial court=s failure to submit an
instruction can express anything to the jury, let alone an opinion on the
weight of the evidence.  Accordingly, appellant=s fourth issue affords no basis for
relief and is overruled.

Ineffective Assistance

Appellant=s fifth issue contends that his trial
counsel was ineffective in failing to request jury instructions that: (1)
Danielle Primes was an accomplice witness as a matter of law; (2) Dexter
Garrett was a party and/or co-conspirator to the appellant; and (3) Dexter
Garrett was an accomplice witness.

To prevail on an ineffective
assistance claim, an appellant must show that: (1) his attorney's performance
fell below an objective standard of reasonableness; and (2) there is a
reasonable probability that, but for the error, the result of the proceeding
would have been different.  Garza v. State, 213 S.W.3d 338, 347B48 (Tex. Crim. App. 2007).  Appellate
review of defense counsel's representation is highly deferential and presumes that
counsel's actions fell within the wide range of reasonable and professional
assistance.  Id. at 348.  If counsel's reasons for his conduct do not
appear in the record and there is at least a possibility that the conduct could
have been grounded in legitimate trial strategy, we will defer to counsel's
decisions and deny relief on an ineffective assistance claim on direct appeal. 
Id.

In this case, appellant argues that,
had these instructions been included in the jury charge, the outcome would have
been different because there would have been insufficient evidence to
corroborate the accomplice testimony.  However, as noted above in response to
the second issue, this is incorrect.  In addition, because appellant developed
no record of his defense counsel's reasons for not requesting the accomplice
and/or party and/or co-conspirator instructions, appellant has failed to
overcome the presumption that counsel's decision not to do so was sound trial
strategy.  Because appellant's fifth issue thus fails to demonstrate
ineffective assistance of counsel, it is overruled.








Sufficiency of Evidence 

Appellant=s sixth and seventh issues contend
that the evidence is legally and factually insufficient to prove beyond a
reasonable doubt that appellant committed the offense of capital murder because
the testimony of the accomplice witnesses was not sufficiently corroborated
with non-accomplice evidence tending to connect appellant to the crime. 
Because we have rejected appellant=s challenge to the corroborating
evidence in response to issue two, his sixth and seventh issues afford no basis
for relief.  Accordingly, they are overruled, and the judgment of the trial
court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed June 28, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty, and the
trial court assessed punishment at life imprisonment.





[2]           See Reyes v. State, 741 S.W.2d 414,
425 (Tex. Crim. App. 1987) (stating that a charge requiring the jury to find
that a defendant acted alone increases the State's burden and thus benefits the
defendant); Romo v. State, 568 S.W.2d 298, 302 (Tex. Crim. App. 1977)
(op. on reh=g) (stating that a charge on the law of parties
enlarges a defendant's criminal responsibility and benefits the State, not the
defendant).





[3]           A defendant may not be convicted based on
testimony of an accomplice unless it is corroborated by other evidence tending
to connect the defendant with the offense committed.  See Tex. Code.
Crim. Proc. Ann. art. 38.14 (Vernon 2005).  In conducting a sufficiency review
under the accomplice‑witness rule, we eliminate the accomplice testimony
from consideration.  Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001).  Where corroborating evidence required for a conviction is lacking,
the defendant is entitled to a verdict of acquittal. Tex. Code Crim. Proc. Ann.
art. 38.17 (Vernon 2005).  However, where corroborating evidence exists, its
sufficiency as such is not further reviewed for legal and factual sufficiency. 
See Cathey v. State, 992 S.W.2d 460, 462B63 (Tex. Crim. App. 1999).





[4]           See, e.g., Harrison v. State,
No. 03-99-00049-CR, 2000 WL 962699, at *2B4
(Tex. App.CAustin July 13, 2000, no pet.) (not designated for publication)
(holding because there was sufficient corroboration evidence, appellant failed
to demonstrate egregious harm resulting from the absence of an accomplice
instruction); Opina v. State, No. 05-98-00403-CR, 1999 WL 431113, at *2B3 (Tex. App.CDallas
June 29, 1999, no pet.) (not designated for publication) (same); Coffman v.
State, No. 04-94-00773-CR, 1996 WL 383096, at *1B4 (Tex. App.CSan
Antonio July 10, 1996, pet. ref=d) (not
designated for publication) (same).





[5]           See Tex. R. App. P. 38.1(h); Tong
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (stating failure to
cite relevant authority waives error).