**AMERICAN RISK INSURANCE COMPANY, INC., Appellant**

v.

**Veronika SERPIKOVA, Appellee**

NO. 14–14–00859–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion Filed December 6, 2016

Rehearing En Banc Overruled March 9, 2017

ment claim.

498

Kevin F. Risley, Spencer E. Dunn, Jamie R. Carsey, Houston, TX, for Appellant.

J. W. Beverly, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## OPINION

Kem Thompson Frost, Chief Justice

In this insurance-coverage case, the insurer under a homeowner's policy appeals the trial court's determination that, as a matter of law, the policy provides coverage for the insured's loss resulting from a fire. We conclude that under binding statements from the Supreme Court of Texas in *Greene v. Farmers Insurance Exchange*, 446 S.W.3d 761 (Tex. 2014), the policy does not provide coverage as a matter of law. Therefore, the trial court erred in granting summary judgment in favor of the insured. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Veronika Serpikova purchased a house located on certain real property on Lillian Street in Houston, Texas (the "Property"). Serpikova purchased a homeowner's insurance policy from appellant/defendant American Risk Insurance Company, Inc. (the "Insurer"). At first, Serpikova and her husband lived in the house on the Property, but in May 2012, they moved to another location. They then leased the Property to two tenants, and did not move back into the house on the Property.[1]

Several months later, on September 6, 2012, a renewal homeowner's insurance policy (the "Policy") became effective. The Insurer issued the Policy, and Serpikova was the named insured on it. In November 2012, while the Policy was in effect, a fire severely damaged the house on the Property. Serpikova made a claim under the Policy. The Insurer denied coverage, stating that because Serpikova did not reside at the Property at the time of the loss, the Property did not fall within the Policy's

definition of "residence premises" and therefore the house was not a dwelling on the residence premises, a requirement for dwelling coverage under the Policy. The Insurer did not determine that the fire was intentionally set or deny coverage on this basis.

## The Insured's Claims

Serpikova filed suit against the Insurer, asserting claims for breach of the Policy, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and violations of the Prompt Payment of Claims Act. She also sought a declaratory judgment that her house was within the definition of "residence premises" in the Policy and that the fire loss is covered under the Policy.

## The Parties' Motions for Summary Judgment

Serpikova filed a motion seeking a partial summary judgment as to liability on her breach-of-contract claim as well as a declaratory judgment that her loss is covered under the Policy. In the motion, Serpikova asserted the following grounds:

- (1) as a matter of law the Property falls within the definition of "residence premises" in the Policy and therefore the house is a dwelling on the residence premises and the Policy covers Serpikova's loss from the fire;

- (2) Texas Insurance Code section 862.054, sometimes called the "anti-technicality statute," prohibits the Insurer from denying coverage under the Policy;

- (3) as a matter of law, Serpikova is entitled to a declaratory judgment

---

1. The summary-judgment evidence establishes as a matter of law the facts recited in this paragraph and the following paragraph.

that her loss is covered under the Policy; and

- (4) the summary-judgment evidence conclusively establishes that the Insurer breached the Policy.

The Insurer filed a cross-motion for summary judgment asserting numerous grounds against Serpikova's claims. The trial court granted Serpikova's summary-judgment motion and denied the Insurer's motion, reserving for trial the amount of Serpikova's damages, the remaining claims, and the requests for attorney's fees.

## The Trial Court's Judgment

Following a bench trial, the trial court rendered judgment awarding Serpikova actual damages, eighteen-percent interest as damages under Insurance Code section 542.060(a), and amounts the trial court found to be reasonable and necessary attorney's fees through trial and on appeal. The trial court also declared that the Property is within the definition of "residence premises" in the Policy, and that the fire loss to the Property is a covered loss under the Policy.

## The Post–Judgment Motion

The Insurer timely filed a post-judgment motion arguing that the trial court had erred in its coverage determination. Shortly after the Insurer filed this motion, the Supreme Court of Texas issued its opinion in *Greene v. Farmers Insurance Exchange*, 446 S.W.3d 761 (Tex. 2014). While the trial court still had plenary power over the judgment, the Insurer filed a supplemental memorandum in support of its post-judgment motion in which the Insurer analyzed the *Greene* opinion and argued that the opinion provided important support for the Insurer's motion. The trial court denied the motion.

## II. ISSUES AND ANALYSIS

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the trial court does not specify in the order granting summary judgment the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

In its first appellate issue, the Insurer asserts that the trial court erred in granting Serpikova's summary-judgment motion. In its second issue, the Insurer asserts that the trial court committed an error of law when it interpreted the term

"residence premises" in the Policy in a way that did not require the insured to reside at the premises.

**A. As a matter of law, does the Property fall within the Policy's definition of "residence premises" so that the house is a dwelling on the residence premises?**

Under "Coverage A (Dwelling)," the Insurer covers:

1. the dwelling on the **residence premises** shown on the declarations page including structures attached to the dwelling.
2. other structures on the **residence premises** set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line or similar connection.

(emphasis in the original). The policy defines "residence premises" as "the **residence premises** shown on the declarations page. This includes the one or two family dwelling, including other structures, and grounds where an **insured** resides or intends to reside within 60 days after the effective date of this policy [September 6, 2012]." (emphasis in the original).

A court generally interprets an insurance policy under the same rules of construction that apply to any other contract, reading all parts of the policy together and viewing the policy in its entirety to give effect to the written expression of the parties' intent. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 740–41 (Tex. 1998). Applying the ordinary rules of contract construction to insurance policies, the reviewing court ascertains the parties' intent by looking only to the four corners of the policy to see what is actually stated and does not consider what allegedly was meant. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex. 2006); *Williams Consolidated I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co.*, 230 S.W.3d 895, 902 (Tex.

App.–Houston [14th Dist.] 2007, no pet). We examine the entire insurance policy, read all of its parts together, and seek to give effect to all of its provisions so that none will be meaningless. *See Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). When, as in this case, the claim involves a standard-form insurance policy approved by a state regulatory agency, we determine the meaning of undefined terms in the standard form based upon the everyday meaning of the words to the general public. *See Fiess*, 202 S.W.3d at 746; *Progressive Cty. Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003).

If a court can ascertain only one reasonable meaning of the policy provision, the insurance contract is not ambiguous, and the court will enforce it as written. *See Fiess*, 202 S.W.3d at 746; *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998). But, when words in a policy are susceptible to more than one reasonable interpretation, the contract is deemed ambiguous. *See Kelley–Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998).

In the case under review, the parties disagree as to the construction of the definition of "residence premises." Serpikova asserts that the Property is the residence premises under the first sentence of the definition because the Property is the "residence premises" shown on the declarations page. Serpikova also argues that based on the use of the term "includes," the second sentence of the definition can only enlarge the scope of the definition beyond the parameters of the first sentence. The declarations page does not contain the term "residence premises," but the address for the Property is listed on the declarations page as the "Location of Property Insured." The Insurer asserts

that, under the second sentence of the definition, the Property cannot be the residence premises because Serpikova never resided on the Property during the term of the Policy nor did she intend to reside on the Property during the 60 days after September 6, 2012, the effective date of the Policy.

The Insurer relies heavily on the Supreme Court of Texas's recent opinion in *Greene v. Farmers Insurance Exchange*.[2] *See* 446 S.W.3d 761 (Tex. 2014). The insured in *Greene,* unlike Serpikova, was living in the dwelling when the policy went into effect. The *Greene* court focused on a vacancy clause that differs from the Policy's vacancy clause, and the Insurer in today's case does not assert the vacancy clause as a basis for its denial of coverage.[3] *Greene,* 446 S.W.3d at 763–65. In addition, the homeowner's policy in *Greene* was a Form A policy rather than a Form B policy like the Policy. *See id.* at 763. Nonetheless, the definition of "residence premises" in the *Greene* policy is identical to the definition of that term in the Policy. *See id.* In speaking of that definition, the *Greene* court stated:

> The policy issued to Greene provides that the insurance covers "[t]he dwelling on the ***residence premises***" shown on the declarations page, and defines "resi-

dence premises" to be the dwelling and structures attached to the dwelling "where an ***insured resides or intends to reside*** within 60 days after the effective date of this policy."

*Greene,* 446 S.W.3d at 766 (emphasis in original). Thus, the *Greene* court equated the scope of the second sentence of the definition of "residence premises" with the scope of the entire definition. *See id.* at 765–67 & n.6. In addition, the *Greene* court stated three times that the dwelling's use as the insured's residence was "the premise" of the *Greene* policy. *See id.* at 765, 766, 767. And, as noted, the *Greene* policy had the same definition of "residence premises" as the policy in today's case. *See id.* at 763. If Serpikova's construction of this definition were correct, then the policy would allow full coverage of a dwelling in which the insured never resided or intended to reside. The vacancy clause in *Greene* applied only if the insured "move[d] from the dwelling." *See id.* at 763. If an insured under the *Greene* policy never resided in the dwelling during the policy term, there would be no "moving from the dwelling" that would trigger *Greene*'s vacancy clause. If Serpikova's construction of the definition of "residence premises" were applied in the *Greene* case, the dwelling's use

---

**2.** The *Greene* opinion had not been issued when the trial court granted Serpikova's summary-judgment motion. Nonetheless, the Insurer presented the *Greene* case and argument based thereon to the trial court in a post-judgment motion. Furthermore, a decision of the Supreme Court of Texas operates retroactively unless the high court exercises its discretion to modify the decision's application. *Bowen v. Aetna Cas. & Sur. Co.,* 837 S.W.2d 99, 100 (Tex. 1992) (per curiam). There is nothing in the *Greene* opinion indicating the Supreme Court of Texas exercised its discretion so that the *Greene* decision would not apply retroactively. *See Greene,* 446 S.W.3d at 763–67. Therefore, *Greene* applies retroactively to the trial court's summary-judgment rul-

ing. *See Bowen,* 837 S.W.2d at 100; *Diamond Offshore (Bermuda), Ltd. v. Haaksman,* 355 S.W.3d 842, 846, n.4 (Tex. App.–Houston [14th Dist.] 2011, pet. denied).

**3.** The vacancy clause in the Policy provides that coverage that applies under Coverage A (Dwelling) and Coverage B (Personal Property) "will be suspended effective 30 days after the dwelling becomes **vacant**. This coverage will remain suspended during such vacancy." The Policy defines "vacant" to mean that "the dwelling lacks the necessary amenities, adequate furnishings, or utilities and services to permit occupancy of the dwelling as a residence."

as the insured's residence would not be "the premise" of the *Greene* policy. *See id.* at 765–67.

The *Greene* court considered all the *Greene* policy's parts and read all of them together. *See id.* at 766. In doing so, the *Greene* court read the vacancy clause together with the dwelling coverage's insuring clause, including the definition of "residence premises." [4] *See id.* Nonetheless, the *Greene* court did not indicate that it was modifying the meaning of this definition to conform with the vacancy clause. *See id.* at 763, 765–67. Though the *Greene* court's construction of the definition of "residence premises" may not have been essential to the court's holding, if we applied Serpikova's proffered construction, we would be construing the same definition to not require residence or intended residence that the *Greene* court construed to require residence or intended residence within 60 days after the effective date of the policy. *See id.* We cannot fairly characterize the *Greene* court's construction of "residence premises" as obiter dicta.

We conclude that the statements in *Greene* are judicial dicta that bind this court to adopt the Insurer's construction of the definition of "residence premises." *See id.* at 765–67. Based on these statements in *Greene*, we must conclude that the Policy only provides dwelling coverage for a dwelling and other structures set apart from the dwelling by clear space "where an *insured* resides or intends to reside within 60 days after the effective date of th[e] [P]olicy." *See id.* at 766.

Serpikova argues that, under the clear wording of the Policy, the definition of "residence premises" is the residence premises shown on the declarations page, which is the Property on which Serpikova's house was located. Serpikova also argues that the proper construction of "including" in the second sentence of the definition is as a term of enlargement, not as a term of limitation. To the extent that these arguments have merit, they would be *contrary* to the *Greene* judicial dicta, so we cannot and do not apply them in our construction of the Policy. *See id.* at 765–67.

Serpikova also argues that the Policy contains no exclusion of coverage if the insured rents the residence premises to a third party. But, an exclusion is not needed if there would be no coverage under the insuring clause based on the definition of "residence premises." Serpikova cites a few other provisions of the Policy, but these provisions do not conflict with the *Greene* court's construction of the definition of "residence premises." Based on this construction, we conclude that, under the Policy's unambiguous language, the Property does not fall within the definition of "residence premises" because Serpikova never resided on the Property during the term of the Policy nor did she intend to reside on the Property during the 60 days after the Policy's effective date. *See id.* There was no coverage for Serpikova's loss; therefore, the trial court erred in impliedly granting summary-judgment as to Serpikova's first, third, and fourth grounds.[5] *See id.*

---

**4.** The relevant language from this insuring clause was "We cover: 1. The dwelling on the *residence premises* shown on the declarations page including structures attached to the dwelling." *Id.* at 763. This language also is contained in the dwelling coverage's insuring clause in the Policy. The definition of the term

"residence premises" used in the relevant part of the *Greene* policy's insuring clause is the only part of this clause that referenced the insured's residence or intent to reside. *See id.*

**5.** *See supra* at page 3 (listing the summary-judgment grounds).

**B. Does Texas Insurance Code section 862.054 prohibit the Insurer from denying coverage under the Policy?**

■ In her second summary-judgment ground Serpikova asserted that Texas Insurance Code section 862.054, known as the "anti-technicality statute," prohibits the Insurer from denying coverage under the Policy. *See* Tex. Ins. Code Ann. § 862.054 (West, Westlaw through 2015 R.S.). This statute applies to certain breaches or violations by an insured of a provision of certain types of insurance policies or applications:

> Unless the breach or violation contributed to cause the destruction of the property, a breach or violation by the insured of a warranty, condition, or provision of a fire insurance policy or contract of insurance on personal property, or of an application for the policy or contract: (1) does not render the policy or contract void; and (2) is not a defense to a suit for loss.

*Id.* In *Greene*, the Supreme Court of Texas held that a circumstance that leads to a lack of coverage under an insurance policy is not a breach or violation that triggers application of section 862.054. *See Greene*, 446 S.W.3d at 764–67. Thus, under the clear wording of the statute and under *Greene*, this statute does not apply to the coverage issues in today's case and so cannot prohibit the Insurer from denying coverage under the Policy. *See* Tex. Ins. Code Ann. § 862.054; *Greene*, 446 S.W.3d at 764–67. Therefore, the trial court erred in impliedly granting summary-judgment as to Serpikova's second ground.[6] *See id.*

**III. CONCLUSION**

■ Under the applicable standard of review, the *Greene* court's construction of the definition of "residence premises" in the Policy, the other provisions of the Policy, and the *Greene* court's construction of Texas Insurance Code section 862.054, the Policy does not provide coverage as a matter of law. The trial court erred in granting Serpikova's summary-judgment motion.[7] Accordingly, we sustain the Insurer's two appellate issues, reverse the trial court's judgment, and remand the case to the trial court for further proceedings consistent with this opinion.

---

6. We list the summary-judgment grounds on page 3 above.

7. In the prayer in its appellate brief, the Insurer asks this court to render judgment that Serpikova take nothing. Though the trial court denied the Insurer's cross-motion asserting many summary-judgment grounds against Serpikova's various claims, in its appellant's brief, the Insurer did not assign error as to the trial court's denial of its summary-judgment motion. *See* Tex. R. App. P. 38.1(f); *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986); *Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 138 n.10 (Tex. App.–Houston [14th Dist.] 2010, no pet.). Furthermore, the Insurer has provided no analysis in support of any argument that the trial court erred by denying the Insurer's summary-judgment motion. Therefore, the Insurer has waived this issue. *See* Tex. R. App. P. 38.1(i); *Kennedy Con., Inc.*, 316 S.W.3d at 138 n.10; *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (holding that, even though courts interpret briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis, citing the record and authorities in support of the party's argument).