**Fernando Rafael FERREIRA,
Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–15–00767–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed December 29, 2016.

Adam Banks Brown, Houston, TX, for Appellant.

Patricia McLean, Houston, TX, for State.

Panel consists of Justices Jamison, McCally, and Wise.

## OPINION

Sharon McCally, Justice

Appellant Fernando Rafael Ferreira challenges his aggravated robbery conviction on the grounds that the trial court improperly instructed the jury regarding extraneous offenses and the law of parties and his trial counsel was ineffective. We affirm.

### Background

On an early evening in January 2013, a Hispanic male approached the complainant, Dung Ho, at a gas station and demanded Ho's money. Before Ho could comply, the male stabbed Ho several times. Ho did not get a clear look at his attacker, but he described his attacker as being about Ho's height (5 feet, 2 inches). Another person pumping gas nearby, Matt Prahl, saw the incident and approached Ho and his attacker. As Prahl neared the altercation, the driver of a nearby vehicle yelled at the attacker, "Come on, let's go, let's go, let's go." The attacker got into the car, and the two fled the scene. Prahl described Ho's attacker as being about 6 feet tall and lanky and stated that the attacker was wearing a light brown or tan hoodie. According to Prahl, both the attacker and the driver of the car were Hispanic. Prahl took down the license plate of the car and gave the plate number to a responding Houston Police Department (HPD) officer. This officer entered the license plate number into the HPD computer system and flagged the car bearing the license plate as a "suspicious vehicle."

Several hours after this offense occurred, two other HPD officers on patrol in the area stopped a car because it was being driven in the dark without the headlights on. Noah Gomez was driving the car, and appellant was the passenger; both Gomez and appellant told the officers the car belonged to appellant. Appellant told the officers that Gomez was driving him around. The officers detained Gomez because he could not produce his identification. One of the officers saw appellant moving around furtively in the car, so he ordered appellant out of the car. In response to the officer's query about weapons, appellant told the officer that he had a knife. The officer recovered the knife from appellant's pocket and tagged it for evidence purposes.

Appellant was detained for officer safety. The officers ran the car's license plate while appellant and Gomez were detained; the car came back as possibly being involved in the attack on Ho. Both appellant and Gomez were taken into the station for questioning about this attack. The light brown jacket and tee-shirt appellant had been wearing were taken into evidence. An HPD robbery investigator, Gary Goodnight, questioned them; Gomez provided a statement implicating appellant as Ho's attacker. Both Gomez and appellant were arrested and charged with aggravated robbery.

Gomez pleaded guilty to the offense and testified against appellant at appellant's jury trial on guilt-innocence. Gomez identified appellant as Ho's attacker. Although neither Ho nor Prahl could identify appellant, both agreed that the jacket taken from appellant by officers the night of the offense was the same one worn by Ho's attacker. Ho was excluded as a contributor from blood evidence taken from appellant's t-shirt, as well as from the blade of the knife recovered during the traffic stop. But

DNA testing of blood found on the jacket indicated that Ho could not be excluded as a possible contributor.

After hearing the evidence, a jury convicted appellant of aggravated robbery. The trial court sentenced appellant to 35 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal timely followed.

## Alleged Charge Error

In appellant's first two issues, he urges that the trial court provided improper jury instructions in his trial on guilt-innocence. We begin with the standard of review for allegations of charge error.

### A. Standard of Review

 On appeal, jury-charge error is reviewed using a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). First, the court determines whether error exists in the charge. *Id.* If there is, we determine if the appellant has been harmed by the error: "The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection." *Id.* If an appellant has preserved the error by objection, we must reverse if we find "some harm" to his rights. *See id.* (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). But where there is no objection, we will not reverse for jury charge error unless the record shows "egregious harm" to the appellant. *Id.* Bearing this standard in mind, we turn to appellant's first two issues.

### B. Extraneous–Offense Limiting Instruction

 In his first issue, appellant claims that the trial court erred by including an extraneous-offense limiting instruction in the jury charge on guilt-innocence. Appellant contends that the trial court, by charging the jury on this defensive issue

over his objection,[1] "interfered with Appellant's apparent trial strategy of not drawing attention to the evidence" in violation of his Sixth Amendment right to counsel.

■ A trial judge must—without any request or objections from the parties—prepare a charge that accurately sets out the law applicable to the charged offense. *See Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); Tex. Code Crim. Proc. art. 36.14. A trial judge is not required to include a limiting instruction in the jury charge when the appellant failed to request one at the time the evidence was admitted. *See Delgado*, 235 S.W.3d at 254. Appellant is correct that he did not request a limiting instruction at the time that evidence of possible extraneous offenses was admitted; thus, this evidence was admissible for all purposes. But appellant has not cited, nor have we found, any cases holding that a trial court is prohibited from including a limiting instruction in such a situation.

Instead, in *Fair v. State*, the Court of Criminal Appeals considered and rejected an argument that the trial court reversibly erred by including an extraneous-offense limiting instruction in the jury charge over the appellant's objection. *See* 465 S.W.2d 753, 754 (Tex. Crim. App. 1971). The Court of Criminal Appeals determined that the included instruction, although not required, "was not harmful but beneficial to the appellant." *Id.* at 755. The *Fair* court held that instructing the jury—over the defendant's objection—that it could consider the extraneous offense for a limited purpose was not reversible error. *Id.*; *accord Longoria v. State*, No. 01–15–00213–CR, 2016 WL 6755772, at *2–4 (Tex. App.–Houston [1st Dist.] Nov. 15, 2016, no pet.) (mem. op., not designated for publication); *Sadler v. State*, No. 01–14–00422–CR, 2015 WL 5136857, at *5–6 (Tex. App.–Houston [1st Dist.] Aug. 28, 2015, no pet.) (mem. op., not designated for publication).

In short, the Court of Criminal Appeals has held that an extraneous-offense limiting instruction is beneficial to a defendant, and a trial judge does not commit reversible error by including such instructions in the jury charge. As such, the inclusion of this instruction was not reversible error.

---

1. Contrary to appellant's assertion that he objected to the charge on this basis, our review of the record reveals that he did not object to its inclusion in the charge. In fact, as the following excerpt from the charge conference demonstrates, when asked if he wanted this instruction removed, appellant stood silent:

 [Defense Counsel]: *One thing that I think might need to be deleted, on page 7, it's the extraneous*, because I don't think there was any evidence—
 The Court: Well, that's what we were talking about. I think you were reading. But there was some driving while intoxicated language and the fact that Noah [Gomez] owed him money for cocaine, I think just— *I'll take it out if you want*, but I think in an abundance of caution because those things were mentioned, we leave it in.
 [Defense Counsel]: I can't find it.
 The Court: State, you've had an opportunity to review the charge; do you have any additions or deletions to the charge as proposed?
 [The State]: No, Your Honor.
 The Court: Defense, I don't know that your previous request was—your request to have the State specify under the law of parties is denied. *Aside from that*, are there any additions or deletions to the charge as it's proposed?
 [Defense Counsel]: My request to have the law of parties taken out is denied as well?
 The Court: Yes, that's true.
 So that being said, we'll bring the jury back—
 [Defense Counsel]: Hold on, Judge. *Okay.*
 (emphasis added). As is evidenced by this exchange, appellant did not suggest to the trial court that including the instruction would violate his Sixth Amendment right to counsel; in fact, appellant did not object to the inclusion of this instruction at all.

*See Fair*, 465 S.W.2d at 755. Because the charge was not erroneous, we need not conduct a harm analysis. *See, e.g., Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015).

Accordingly, we overrule appellant's first issue.

## C. Law of Parties Instruction

Appellant next asserts that the trial court erred by including a law of parties instruction, over his objection, in the jury charge on guilt-innocence.[2] "A person is a criminally responsible party to an offense 'if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.'" *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012) (quoting Tex. Penal Code § 7.01). "A person is criminally responsible for the conduct of another if, acting 'with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.'" *Id.* (quoting Tex. Penal Code § 7.02).

■ "Regardless of whether it is pled in the charging instrument, liability as a party is an available legal theory if it is supported by the evidence." *In re State ex rel. Weeks*, 391 S.W.3d 117, 124 (Tex. Crim. App. 2013). But if a defendant requests that the application paragraph refer only to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing. *Vasquez v. State*, 389 S.W.3d 361, 368 (Tex. Crim. App. 2012).

■ On appeal, appellant has not identified what part of the party liability portion of the charge is erroneous. He asserts that "the charge as presented in this case fails to sufficiently ... inform the jury which

specific mode or modes of conduct enumerated ... in § 7.02(a)(2)" apply. To the extent appellant argues he was entitled to a "narrowing," he has not identified which modes of conduct are supported by the evidence. And the cases he cites in support of his argument that the charge is erroneous do not aid in our analysis, as they stand for the proposition that a trial court errs when it fails to include an application paragraph on law of the parties, which is not the case here. *See Oliver v. State*, 160 Tex.Crim. 222, 268 S.W.2d 467, 470 (1954) (op. on reh'g) (sustaining charge error complaint where the charge contained an abstract definition on the law of parties, but did not apply the definition to the facts of the case); *Barnes v. State*, 145 Tex. Crim. 131, 166 S.W.2d 708, 710 (1942) (same); *Crisp v. State*, 125 Tex.Crim. 603, 69 S.W.2d 772, 772–73 (1934) (same).

Instead, the trial court instructed the jury on party liability as follows:

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense ....

[I]f you find from the evidence beyond a reasonable doubt that on or about the

---

2. In the charge conference, appellant also objected to the inclusion of a law of the parties instruction at all, as there was no evidence that he was at the scene. He has not adequately raised that argument on appeal.

19th day of January, 2013, in Harris County, Texas, Noah Gomez, did then and there unlawfully, while in the course of committing theft of property owned by Dung Ho, and with intent to obtain or maintain control of the property, intentionally or knowingly cause bodily injury to Dung Ho, and Noah Gomez did then and there use or exhibit a deadly weapon, namely, a knife, and that the defendant, Fernando Rafael Ferreira, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Noah Gomez to commit the offense, if he did, then you will find the defendant guilty of aggravated robbery, as charged in the indictment.

■ As is apparent from this excerpt, the abstract portion of the charge accurately sets forth the law of party liability. *See* Tex. Penal Code § 7.02(a)(2). Further, when a definition on the law of parties is given in the abstract portion of the charge, the application paragraph must, as is relevant here, "specify 'all conditions to be met before a conviction under such a theory is authorized.'" *Vasquez*, 389 S.W.3d at 367 (quoting *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). The application paragraph specifies the conditions to be met before a conviction under the law of parties is authorized. *See id.* Nothing on the face of the charge appears erroneous, and appellant has not specified any particular error in the charge. Moreover, appellant has not directed us to any portions of the record containing evidence germane to his charge error complaint. *Cf. Williams v. State*, No. 14–15–00236-CR, 502 S.W.3d 262, 276–77, 2016 WL 4408967, at *10–11 (Tex. App.–Houston [14th Dist.]

Aug. 18, 2016, no pet. h.) (overruling jury charge complaint because the appellant failed to cite authorities relevant to the particular instruction or provide any substantive analysis concerning the instructions).

We conclude that appellant has not adequately briefed his party-liability jury charge complaint. *See* Tex. R. App. P. 38.1(i) (brief must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also Lawton v. State*, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995) ("Appellant leaves us to find error and argue his case for him; this is inadequate briefing, and as such, it presents nothing for our review."), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263, n.18 (Tex. Crim. App. 1998) (op. on reh'g). Appellant has not identified which statutory modes, if any, of party liability are not applicable in this case. *Cf. Washington v. State*, 449 S.W.3d 555, 568–69 (Tex. App.–Houston [14th Dist.] 2014, no pet.) (defendant specifically requested that party liability portion of charge include only "attempted to aid"). He has not cited to any portions of the record, including the charge conference or any record evidence, whereby we can evaluate whether the modes of party liability should have been narrowed. *See Lawton*, 913 S.W.2d at 554; *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); *cf. Williams*, 502 S.W.3d at 276–77, 2016 WL 4408967, at *10–11.

Under these circumstances, appellant's brief is inadequate, and we overrule his second issue on this basis.[3]

## Ineffective Assistance of Counsel

In appellant's third issue, he urges that his defense counsel was ineffective by fail-

---

3. We need not conduct a harm analysis because appellant has not established that there is error in the charge. *See Cortez,* 469 S.W.3d at 598.

ing to object to HPD investigator Goodnight's answer of "Yes, *they* do," when asked if appellant's co-defendant had an extensive criminal history (emphasis added). As always, we begin with the standard of review.

### A. Standard of Review

To prevail on an ineffective-assistance claim, an appellant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness; and (2) counsel's deficiency caused the appellant prejudice—there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and any allegations of ineffectiveness must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

### B. Application

At trial, Goodnight testified regarding his involvement in the case. On cross examination, appellant's counsel attempted to gain testimony from Goodnight to impeach the testimony of appellant's co-defendant, Gomez. When asked if Gomez had an extensive criminal history, Goodnight responded, "Yes, *they* do." (emphasis added). Appellant's counsel did not object to this testimony.

Appellant contends that Goodnight's testimony "implied" that appellant had a significant criminal history. He urges that a "reasonable attorney would have objected to such unintended testimony and ask[ed] for it to be stricken from the record." Assuming without deciding that Good-

night's response to this question implicated appellant's criminal history, appellant did not move for a new trial. Thus, the record is silent as to his defense counsel's rationale for not objecting to Goodnight's answer.

We may not second guess counsel's strategic decisions; instead, we " 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Generally, when the record is silent concerning the motives of trial counsel, the strong presumption of reasonable performance cannot be overcome unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Green v. State*, 191 S.W.3d 888, 895 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd). Objecting to what appellant characterizes as "unintended" testimony that, at best, implied that appellant had an extensive criminal history, only would have drawn attention to Goodnight's answer. Counsel is not ineffective for wanting to avoid drawing attention to evidence that may further damage his client's case. *See Huerta v. State*, 359 S.W.3d 887, 894 (Tex. App.–Houston [14th Dist.] 2012, no pet.) ("Counsel may have also decided to withhold objections to avoid drawing unwanted attention to a particular issue.").

On this silent record, we cannot conclude that counsel's inaction was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. Thus, appellant has not established that this counsel was ineffective for failing to object to this single instance of "unintended" testimony.

We overrule appellant's third issue.

## Conclusion

Having overruled appellant's three issues, we affirm the trial court's judgment.