

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00532-CR

Barry G. **COGGINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR2480
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: November 14, 2018

AFFIRMED

Appellant Barry G. Coggins was convicted by a jury of indecency with a child. On appeal, Coggins contends: (1) the evidence is legally insufficient to prove he acted with the intent to arouse or gratify the sexual desire of any person; (2) the jury charge failed to adequately apply the law to the facts; and (3) the trial court erred in admitting improper speculative evidence during the punishment phase of the trial. We affirm the trial court's judgment.

**BACKGROUND**

Coggins was charged in a two count indictment with continuous sexual abuse of a child and indecency with a child. The complainant was the daughter of Coggins's girlfriend.

The case was tried to a jury. The jury acquitted Coggins of the offense of continuous sexual abuse of a child but found him guilty of the indecency with a child offense. The jury assessed Coggins's punishment at twenty years' imprisonment and a $10,000 fine, and the trial court sentenced Coggins accordingly. Coggins appeals.

**LEGAL SUFFICIENCY**

In his first issue, Coggins contends the evidence is legally insufficient to prove he acted with the intent to arouse or gratify the sexual desire of any person. Although acknowledging a jury may infer this element of the offense "from the defendant's conduct, his remarks and all surrounding circumstances," *see McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981), Coggins argues a finding of such an intent in the instant case would not be rational because the jury found he was not guilty of the offense of continuous sexual abuse of a child, and one of the acts of sexual abuse which the jury could have used to find him guilty was the indecency with a child offense. Therefore, Coggins's argument is basically that the jury's verdict finding him guilty of indecency with a child is inconsistent with its verdict acquitting him of continuous sexual abuse of a child.

First, we note the jury charge on the continuous sexual abuse of a child offense required the jury to find two or more acts of sexual abuse. The jury could have found Coggins committed the indecency with a child offense but no other act of sexual abuse. More importantly, "[i]nconsistent verdicts in prosecutions based on the same evidence do not require a reversal on the ground of legal insufficiency." *Moore v. State*, No. 04-12-00490-CR, 2013 WL 3148650, at *1 (Tex. App.—San Antonio June 19, 2013, pet. ref'd) (not designated for publication) (citing

*Dunn v. United States*, 284 U.S. 390, 393–94 (1932); *Thomas v. State*, 352 S.W.3d 95, 101 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Jackson v. State*, 3 S.W.3d 58, 61 (Tex. App.— Dallas 1999, no pet.)). "'Inconsistent verdicts do not necessarily imply that the jury convicted the defendant on insufficient evidence, but may simply stem from the jury's desire to be lenient or to execute its own brand of executive clemency.'" *Id*. (quoting *Thomas*, 352 S.W.3d at 101). "Even where an inconsistent verdict might have been the result of compromise or mistake, the verdict should not be upset by appellate speculation or inquiry into such matters." *Id*. (citing *Jackson*, 3 S.W.3d at 61–62). Because inconsistent verdicts do not require reversal on the ground of legal sufficiency and Coggins does not otherwise challenge the sufficiency of the evidence to support the jury's verdict, we overrule his first issue.

## JURY CHARGE

In his second issue, Coggins contends the jury charge failed to adequately apply the law to the facts. Coggins does not challenge the abstract portion of the jury charge which properly instructed, "Our law provides a person commits the offense of indecency with a child by sexual contact if he intentionally or knowingly engages in sexual contact with the child." Although "sexual contact" is statutorily defined to include any touching by a person of the anus, breast, or any part of the genitals of a child, *see* TEX. PENAL CODE ANN. § 21.11(c)(1), the jury charge narrowed the definition providing, "'Sexual contact' means any touching by a person, including touching through clothing, of any part of the genitals of a child, with the intent to arouse or gratify the sexual desire of any person." The application paragraph of the charge instructed the jury to find Coggins guilty of indecency with a child by sexual contact if:

> you find from the evidence beyond a reasonable doubt that on or about the 30th Day of November, 2014, in Bexar County, Texas, the defendant, Barry Coggins, did intentionally or knowingly engage in sexual contact with [E.N.], a female child younger than 17 and not the spouse of Barry Coggins, by touching part of the genitals of [E.N.] with the intent to arouse or gratify the sexual desire of any person.

Coggins's brief on this issue contains only two paragraphs of argument. In the first paragraph, Coggins asserts trial counsel objected during the charge conference "that the application paragraph failed to adequately set forth the manner and means whereby the offense was allegedly committed," and the objection was overruled. The record, however, establishes trial counsel did not object to the application paragraph failing to set forth the "manner and means." Instead, trial counsel objected the application paragraph did not include a "means" arguing, "Like I said which part, how he did it."

In the second paragraph of his argument, Coggins asserts:

> The trial court is obligated by statute to submit a written charge to the jury "distinctly setting forth the law applicable to the case." *Art. 36.14, Tex. Code Crim. Proc. Ann. (West 2018)*[.] The application paragraph of a jury charge is that which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury. *McFarland v. State*, *928 S.W.2d 482 (Tex. Crim. App. 1996)*; *Jones v. State*, 815 S.W.2d 667 (Tex. Crim. App. 1996). In the case at hand the application paragraph is no more than an abstract charge on the offense charged in count 2 of the indictment, and wholly fails to adequately apply that law to the facts as presented to the jury. Consequently, it appears that the charge as given was calculated to injure the rights of the appellant and resulted in some harm and as a result, reversal of the judgment is required. *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

It is unclear from the brief what "means" Coggins contends the application paragraph of the jury charge failed to adequately set forth. To the extent Coggins argues the jury charge was required to set forth the mode he used to touch the complainant, he has not identified more than one mode of touching was supported by the evidence. *See Ferreira v. State*, 514 S.W.3d 297, 302 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Nothing on the face of the charge appears erroneous, and Coggins has not directed us to any portions of the record containing evidence germane to his charge error complaint. *See id.* at 303. Therefore, Coggins has not adequately briefed this issue for our review. *See id.*; TEX. R. APP. P. 38.1(i) (brief must contain a clear argument with appropriate citations to the record); *see also Lawton v. State*, 913 S.W.2d 542, 554

(Tex. Crim. App. 1995) ("Appellant leaves us to find error and argue his case for him; this is inadequate briefing, and as such, it presents nothing for our review."), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263, n.18 (Tex. Crim. App. 1998) (op. on reh'g)).

Even if we overlooked the inadequate briefing, "[o]ur first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The Texas Court of Criminal Appeals has held that the offense of indecency with a child by contact is a conduct-oriented offense, and sexual contact as defined by the Texas Penal Code "criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state." *Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007). How the touching was effectuated is simply an alternative mode of commission and is not an essential element of the offense. *Id*. at 717; *State v. Shuck*, 222 S.W.3d 113, 116 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Hilliard v. State*, 652 S.W.2d 602, 605 (Tex. App.—Austin 1983, pet. ref'd, untimely filed). The omission of a mode of commission that is not an essential element of the offense from the application paragraph of a jury charge is not error. *Moss v. State*, No. 07-12-00067-CR, 2013 WL 4625021, at *4 (Tex. App.—Amarillo Aug. 2, 2013, pet. ref'd) (not designated for publication).

Coggins's second issue is overruled.

### LAY OPINION

In his final issue, Coggins contends the trial court erred in allowing the State to introduce improper speculative evidence during the punishment phase of trial. Specifically, Coggins complains about the following testimony by the complainant's mother:

> Q. What do you see -- how do you see this affecting her relationships in the future with significant others?
> [Defense counsel]: I'm going to object to speculation. She's not an expert. She can't testify to this, Judge.

THE COURT:     I am going to give her a little leeway.  It's overruled.  Go ahead.
Q. [By prosecutor]:  What do you fear about her relationships in the future with significant others?
A.  I don't know if she'll want to become close to anyone.  I think that she doesn't have faith in people right now except for those that are very close to her.  I hope that changes with time.  But right now I think that she's -- just should focus on herself.  So that's what we're focusing on.

In his brief, Coggins contends the testimony was admitted in violation of Rule 701 which limits lay opinion testimony.

"The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *Osbourn v. State*, 92 S.W.3d 531, 537–38 (Tex. Crim. App. 2002).  Initially, we are unclear whether Coggins's complaint is that the mother's testimony was speculation, as stated in his issue, or an improper lay witness opinion, as argued in his brief. A speculation objection is directed at lack of personal knowledge under Rule 602 of the Texas Rules of Evidence while the propriety of a lay witness opinion is embodied in Rule 701.  *Liller v. State*, No. 08-15-00125-CR, 2018 WL 1959679, at *3–4 (Tex. App.—El Paso Apr. 26, 2018, pet. ref'd) (not designated for publication); *Burks v. State*, No. 05-13-00852-CR, 2014 WL 5141663, at *5 (Tex. App.—Dallas Oct. 14, 2014, no pet.) (not designated for publication).  Because the only law cited in Coggins's brief relates to lay witness testimony, we will address whether the trial court abused its discretion in admitting the testimony because it was an improper lay witness opinion.  Because trial counsel objected both on the grounds of speculation and that the mother was not an expert witness, we consider the issue sufficiently preserved for our review.

"Both lay and expert witnesses can offer opinion testimony." *Osbourn*, 92 S.W.3d at 535. "Rule 701 covers the more traditional witness—one who 'witnessed' or participated in the events about which he or she is testifying." *Id*.  "A witness can testify in the form of an opinion under Rule 701 if the opinions or inferences are (a) rationally based on his or her perceptions and (b)

helpful to the clear understanding of the testimony or the determination of a fact in issue." *Id*. "Since Rule 701 requires the testimony to be based on the witness's perception, it is necessary that the witness personally observed or experienced the events about which he or she is testifying." *Id*. "Thus, the witnesss testimony can include opinions, beliefs, or inferences as long as they are drawn from his or her own experiences or observations." *Id*.

In this case, the complainant's mother was initially asked how the sexual abuse would affect the complainant's relationships with significant others in the future. This question was directed at the mother's perceptions based on her personal observations of the complainant and elicited her opinion based on those perceptions and her own experiences. Accordingly, the trial court did not err in overruling the objection.[1] *Cf. Fierro v. State*, 706 S.W.2d 310, 317 (Tex. Crim. App. 1986) (noting lay witness can testify regarding defendant's future dangerousness).

Coggins's third issue is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] We note the prosecutor rephrased the question after the objection and asked what the mother feared about the complainant's future relationships. The mother's fears are clearly based on her own perceptions.