**Affirmed and Majority and Concurring Opinions filed November 26, 2019.**



In The

# Fourteenth Court of Appeals

NO. 14-16-00959-CR

**ROBERT HOCKO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1486324**

## C O N C U R R I N G   O P I N I O N

The majority presumes that the trial court erred in overruling appellant Robert Hocko's objection to a self-defense application paragraph in the jury charge and concludes that this error was harmless. The better course would be to hold that the trial court did not err in overruling the objection.

This court reviews alleged jury-charge error by considering two issues: (1) whether error existed in the charge and (2) whether sufficient harm resulted

from the error to warrant reversal.[1] A defendant is entitled to an instruction on a defensive issue if the evidence raises the issue.[2] It matters not whether the evidence is strong or weak, unimpeached or contradicted, or what the trial court may think about the credibility of the defense.[3] Conversely, if the evidence, viewed in the light most favorable to the defendant, does not establish a defensive issue, the defendant is not entitled to an instruction on the issue.[4]

In today's case, the jury charge contained abstract paragraphs instructing the jury on the law of self-defense under sections 9.31(a) and 9.32(a) of the Texas Penal Code.[5] An application paragraph about self-defense followed the abstract paragraphs. Appellant's counsel stated that she was "objecting to the word 'deadly' in the application paragraph." Counsel then said, "[i]f the court feels that deadly should be in there, I would request that it's a force or deadly force is used [sic] on the defendant. The defendant can use force or deadly force in self-defense." The trial court overruled this objection. Appellant's sole complaint under his third issue is that the trial court reversibly erred in making this ruling.

If, as appellant's counsel requested, the trial court had changed "deadly force" to "force or deadly force" in the three places in the first application paragraph on self-defense, that paragraph would have read as follows:

> Therefore, if you find from the evidence beyond a reasonable doubt that the defendant, Robert Hocko, did cause the death of Daniel Perez, by striking Daniel Perez with his hand or by repeatedly striking

---

[1] *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005); *Ferreira v. State*, 514 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

[2] *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007).

[3] *Id.*

[4] *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991).

[5] *See* Tex. Penal Code Ann. §§ 9.31(a), 9.32(a) (Vernon 2019).

Daniel Perez with his hand, as alleged, but you further find from the evidence, as viewed from the standpoint of the defendant at the time, that from the words or conduct, or both of Daniel Perez it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful **force or** deadly force at the hands of Daniel Perez, and that acting under such apprehension and reasonably believing that the use of **force or** deadly force on his part was immediately necessary to protect himself against Daniel Perez's use or attempted use of unlawful **force or** deadly force, he struck Daniel Perez with his hand, then you should acquit the defendant on the grounds of self-defense. If you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict, not guilty.[6]

Under Penal Code section 9.31(a), subject to certain exceptions, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force."[7] In pertinent part, Penal Code section 9.32(a) provides that "[a] person is justified in using deadly force against another: (1) if the actor would be justified in using force against the other under section 9.31; and (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary: (A) to protect the actor against the other's use or attempted use of unlawful deadly force. . . ."[8] "'Deadly force' means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury."[9] Presuming for the sake of

---

[6] The words in bold have been added to the charge, as explained in the text above.

[7] Tex. Penal Code Ann. § 9.31(a).

[8] Tex. Penal Code Ann. § 9.32(a).

[9] Tex. Penal Code Ann. § 9.01(3).

argument that the record contains some evidence at trial that would allow a reasonable jury to find that appellant did not use deadly force and that the record contains other trial evidence that would allow a reasonable jury to find that appellant used deadly force,[10] appellant's requested application paragraph would only have muddled the charge. Worse, the requested addition would have rendered the application paragraph incorrect under the law.[11]

Under the requested application paragraph the trial court would have instructed the jury to acquit appellant on the grounds of self-defense if the jury found beyond a reasonable doubt that, as viewed from the standpoint of appellant,

- from the complainant's words or conduct, it reasonably appeared to appellant that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the complainant's use of unlawful non-deadly force, and

- appellant reasonably believed that appellant's use of deadly force was immediately necessary to protect himself against the complainant's use or attempted use of unlawful non-deadly force.

In other words, the application paragraph appellant requested would have allowed the jury to acquit appellant based on appellant's use of deadly force against the complainant's unlawful use of non-deadly force in a way that would not be correct under either section 9.31 or section 9.32.[12] So, the trial court did not err in overruling appellant's objection and refusing to submit the requested

---

[10] *See Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001) (concluding that, for a defendant to be entitled to a self-defense instruction under section 9.31(a), there must be some evidence that the defendant did not use deadly force).

[11] *See* Tex. Penal Code Ann. §§ 9.31(a), 9.32(a).

[12] *See* Tex. Penal Code Ann. §§ 9.31(a), 9.32(a).

application paragraph.[13]

Because appellant has not shown error in the jury charge, this court should overrule appellant's third issue on this basis.

/s/     Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.  (Hassan, J., majority).

Publish — Tex. R. App. P. 47.2(b).

---

[13] *See Mutscher v. State*, 514 S.W.2d 905, 926 (Tex. Crim. App. 1974); *Villani v. State*, 116 S.W.3d 297, 308 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (stating that "[t]he trial court properly refused to submit these instructions to the jury because each instruction misstates the law").