**Affirmed and Memorandum Opinion filed June 7, 2022.**



In The

# 𝔉ourteenth 𝔆ourt of 𝔄ppeals

―――――――――

**NO. 14-22-00053-CR**
**NO. 14-22-00054-CR**
**NO. 14-22-00056-CR**
**NO. 14-22-00057-CR**

―――――――――

## EX PARTE HOWARD JOSEPH BURTON

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1751465, 1751466, 1751467, & 1751468**

## MEMORANDUM OPINION

Appellant Howard Joseph Burton brings this habeas appeal from from the trial court's four habeas-corpus judgments in association with setting and maintaining bail at a combined $1,700,000 in association with four offenses, several of which were allegedly committed while appellant was released on bond. We affirm.

## BACKGROUND

Appellant, who was previously convicted of the first-degree felony of aggravated robbery in 2012,[1] is charged with four different offenses across each of the trial court proceedings involved with this case. On or around March 3, 2019, appellant was charged with unauthorized use of a vehicle, a state jail felony, pursuant to Texas Penal Code § 31.07, and he was arrested that day. That offense concerned allegations he unlawfully, intentionally, and knowingly operated an automobile owned by Russell Einarsson without Einarsson's effective consent. Appellant was released on a $5,000 bond in association with this charge on or around March 15, 2019.

On or around May 30, 2019, appellant was charged with capital murder pursuant to Texas Penal Code § 19.03 in association with events that allegedly occurred while he was released on bond for the earlier charge.[2] The underlying allegations are that on or about May 11, 2019, appellant committed and attempted to commit a robbery of Theoron Clark, during which he shot and killed Clark. Appellant was arrested for this charge on or around June 26, 2019, and he was released on or around August 23, 2019 after posting a bond of $200,000 in association with that charge.

Appellant was arrested again on October 15, 2019 in association with two charges made around that date: burglary of a habitation pursuant to Texas Penal

---

[1] Appellant's charging documents variously describe this charge as aggravated robbery and aggravated robbery with a deadly weapon. Aggravated robbery is enumerated by Texas Penal Code § 29.03, and using or exhibiting a deadly weapon is one of several alternative ways to distinguish this offense from simply robbery under Texas Penal Code 29.02. Accordingly, the ambiguity over whether the earlier conviction involved a deadly weapon has no impact on this appeal.

[2] The State has not provided notice of intent to seek the death penalty in association with the capital murder charge.

Code § 30.02, and aggravated assault pursuant to Texas Penal Code § 22.02. Both of these charges concerned allegations said to have occurred on or around that date. Essentially, appellant is alleged to have entered a habitation owned by Sherell Lewis with the intention of committing an assault (the basis of the burglary charge) and threatened Brion Sibley with imminent bodily injury by using and exhibiting a firearm (the basis of the aggravated assault charge).[3] Both charges appear to be at least second-degree felonies if they are accurately described. *See* Tex. Penal Code Ann. §§ 22.02(b) (defining aggravated assault as at least a second-degree felony), 30.02(c)(2) (defining burglary as at least a second-degree felony "if committed in a habitation").

Appellant was held without bond on those latter two charges until February 6, 2020, when the trial court set bond at $500,000 for each of those two charges, increased the bond for the capital murder charge to $500,000, and increased the bond for the charge of unauthorized use of a vehicle to $200,000, for a total bond of $1,700,000. Appellant did not provide a bond for that amount, and he represented then and continues to represent on appeal that he can only provide a bond amount totaling $100,000 for those four charges.[4] Accordingly, appellant requested habeas relief from the trial court on December 15, 2021. After holding a hearing on appellant's habeas request on January 14, 2022, the trial court denied appellant's request in full in an order signed that same day. This appeal followed.

---

[3] The record is unclear whether the allegations associated with the October 15, 2019 arrest are contended to have occurred during the same course of conduct.

[4] Although appellant was able to and did at one point post a bond of greater than that amount in association with his first two charges, that discrepancy is not disputed by the State on appeal.

ANALYSIS

We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. Art. I, § 11. The amount of bail required in any case is within the trial court's discretion, subject to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15

In addition to those rules, case law provides that courts may consider the following set of factors: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611

S.W.2d at 849–50. The accused bears the burden to prove the bail set is excessive. *Id.* at 849.

Appellant's request for habeas relief here advances three bases for reducing his bond amount: (1) his contention that he can only afford a total of $100,000 in bonds; (2) he has family connections in Harris County; and (3) the State's case on the capital murder charge being both unready and weak. We acknowledge that appellant's financial circumstances and family connections do favor a lower bond amount. However, they do not necessarily require that bond be lowered here. In particular, although setting bail at an amount higher than an accused can afford "displaces the presumption of innocence and replaces it with a guaranteed trial appearance," *see Dupuy*, 498 S.W.3d at 233 (quoting *Ex parte Bogia*, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet.)), a bail amount set higher than an accused's ability to pay is not necessarily unreasonable. *See Milner v. State*, 263 S.W.3d 146, 150 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("The ability or inability of an accused to make bail, however, even indigency, does not alone control in determining the amount of bail."). In addition, although appellant presented testimony that he would be able to live with one of his family members in the Houston area if he made bail, he presented minimal information to substantiate how much that would help assure his appearance at trial, making that information less helpful for his argument. *Cf. id.* at 149 (acknowledging a higher bail amount could be warranted by the fact that the accused "d[id] not have a reason to remain" in the county he was being tried in "other than being near his two children and other family members").

Appellant's argument about the supposed weakness of the State's capital murder case relies exclusively on his contention that article 38.14 of the Texas Code of Criminal Procedure demonstrates the State's case, which he represents

was entirely based on a co-defendant's confession, likely makes the State's evidence legally insufficient to convict him. Even assuming that appellant's characterizations of the State's evidence and article 38.14 are accurate, his argument is unpersuasive because he has not provided any authority for his proposition that article 38.14, which by its terms only effects the circumstances under which "[a] conviction can[] be had upon the testimony of an accomplice," applies to bail hearings in addition to trials. *See Cooley v. State*, 232 S.W.3d 228, 235 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Article 38.14 does not . . . establish evidentiary standards for a bond reduction hearing, in contrast to that necessary to obtain a conviction."). As for appellant's contention about the supposed unreadiness of the State's case against him for capital murder, appellant has provided no argument or authority to demonstrate how and to what extent that might favor lower bail here. Accordingly, appellant has waived any argument about the unreadiness of the State's capital murder case. *See Am Risk Ins. Co., Inc. v. Serpikova*, 522 S.W.3d 497, 505 n.7 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding an appellant waived an argument when it "provided no analysis" to support it); *see also Ferreira v. State*, 514 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (rejecting an argument on a criminal jury instruction as the appellant had not adequately briefed the issue).

Finally, appellant's alleged offenses included capital murder and multiple other felony offenses, which could justify sizable bail amounts due to the range of punishment the set of offenses implicates. *See, e.g.*, Tex. Penal Code Ann. §§ 12.31(a) (setting the sentence for a capital felony for which the State does not seek the death penalty at life without parole when the offense is committed by a person 18 years of age or older), 12.32(a) (setting the range of imprisonment for

first-degree felonies at between 5 and 99 years);[5] 12.42(b) *Cooley*, 232 S.W.3d at 229, 234 (upholding $250,000 bail amounts for each of defendant's three solicitation of capital murder charges, for total of $750,000 bail, when those charges were punishable by as little as five years' community supervision, or alternatively five years' imprisonment). The trial court could also consider that appellant's capital murder offense is alleged to have occurred while he was released on bond for his unauthorized use of a motor vehicle charge, and he is further alleged to have committed burglary and aggravated assault while released on bond for the other two charges, which implicates the safety of the complainants and the community. These circumstances demonstrate that a variety of factors, particularly the third and fifth factors under article 17.15 and the fourth and seventh factors given by *Rubac*, support the trial court's bail amount.[6] Although the fact appellant was previously able to be released on a total of $205,000 in bail could support a bail reduction pursuant to the sixth *Rubac* factor, *see Milner*, 263 S.W.3d at 151, as is clear from the above discussion, the trial court's selected bail amount finds support in a variety of factors.

Under the record presented, we discern no abuse of discretion in the trial court's decision to set appellant's total bail amount at the amount it did. As appellant has failed to satisfy his burden that his bail amount falls outside the zone of reasonable disagreement, *see Dupuy*, 498 S.W.3d at 230, he is not entitled to

---

[5] Although appellant's burglary and aggravated assault charges are defined as second-degree felonies, appellant's prior felony conviction for aggravated robbery makes them eligible for punishment as first-degree felonies. Tex. Penal Code Ann. § 12.42(b).

[6] The State has also represented that, to the extent appellant allegedly committed offenses after being released on bond, he violated bond conditions and thus has a higher bail amount favored under the fifth *Rubac* factor. However, the appellate record does not contain any documents proving the trial court imposed a condition with any of appellant's bonds that he not commit any crimes while released. Although the State declared it would seek to supplement the record with relevant records, it has not done so as of the date of this order. Even so, this discrepancy does not impact the outcome of this appeal.

habeas relief.

## CONCLUSION

We affirm the trial court's habeas-corpus judgments.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Wilson.

Do Not Publish – Tex. R. App. P. 47.2(b)